TODAY NEWSPAPERS, INC., PLAINTIFF-APPELLANT, v.
DIRECTOR, DIVISION OF TAXATION,
DEFENDANT-RESPONDENT.

Argued November 28, 1983—Decided October 4, 1984.

*Charles M. Costenbader* argued the cause for appellant (*Stryker, Tams & Dill,* attorneys; *Jane S. Kimball* and *Mark A. Daniele,* on the brief).

*Harley A. Williams,* Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman,* Attorney General

of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

The opinion of the Court was delivered by

CLIFFORD, J.

This case presents essentially the same factual setting and the same issues as are raised in *Fairlawn Shopper, Inc. v. Director, Div. of Taxation,* 98 *N.J.* 64 (1984), decided this day: namely, whether plaintiff, as owner and publisher of several free-circulation newspapers, may benefit from the exemptions afforded "newspapers" and "sales for resale" under the New Jersey Sales and Use Tax Act, *N.J.S.A.* 54:32B–1 to –29 (Act). The purchases in question involve printing services and materials supplied by independent printing firms.

Plaintiff moved for summary judgment on the basis of the Tax Court's opinion in *Fairlawn Shopper, Inc.* Judge Andrew granted summary judgment "based on the findings made herein and for the reasons expressed in *Fairlawn Shopper, Inc.* * * * and also in *Del Val Pennysaver v. Taxation Division Director,* 3 *N.J.Tax* 164 (Tax Ct.1981) * * *." He concluded, as he had in both *Fairlawn Shopper, Inc.* and *Del Val Pennysaver,* that the purchases at issue were properly characterized as "sales for resale" and thereby exempt from the Act's tax. The Appellate Division, in an unreported decision, reversed the judgment of the Tax Court, relying on its opinion in *Del Val Pennysaver, Inc. v. Director, Div. of Taxation,* 188 *N.J.Super.* 108 (1983), which found that neither of the claimed exemption provisions was applicable.

We granted certification, 94 *N.J.* 516 (1983), and heard this appeal together with *Fairlawn Shopper, Inc., supra,* 98 *N.J.* 64. We now reverse the judgment of the Appellate Division, substantially for the reasons expressed in our opinion in *Fairlawn Shopper, Inc.*

We add only that in this case the conclusion that the advertisers subsidized the readers of the publications to the extent of

the price per copy that would otherwise be charged to the reader is more clearly demonstrated by the statements contained in the Certification of James Durante, president of Today Newspaper, Inc. Paragraph seven of Mr. Durante's Certification reads as follows:

> 7. The purchasers of advertising in plaintiff's publications understand that the publications are to be distributed, primarily free of charge, to the ultimate readers, and plaintiff understands that it is contractually bound to distribute the publications to the reading public. In fact, the advertising rates which plaintiff charges are dependent to a substantial extent on which area (*i.e.,* geographical zone) the particular publication is to be distributed in.

Thus, we are convinced that the consideration that must be present to implicate a "sale" under *N.J.S.A.* 54:32B–2(f) can be found to have been supplied by third parties, namely, the advertisers here. Accordingly, we concur in the Tax Court's conclusion that plaintiff's purchases of printing services and materials are "sales for resale" and are exempt pursuant to *N.J.S.A.* 54:32B–2(e) from the tax imposed by the Act.

The judgment of the Appellate Division is reversed.

*For reversal*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For affirmance*—None.