PER CURIAM.
Plaintiff, The Princeton Community Phone Book, Inc. (PCPB) appeals from the April 22, 1985 order dismissing its complaint against the Director, Division of Taxation (Director), and an April 29, 1985 order dismissing the complaint against the New Jersey Bell Telephone Company, Inc. (NJBT Co.) “on the grounds it fails to set forth a claim on which relief can be granted.” We affirm these orders substantially for the reasons set forth by Judge Andrew in his oral decision of April 12,1985. Briefing and oral argument of this appeal were expedited at PCPB’s request, and some unusual circumstances involving this matter require further brief comment.
PCPB publishes independent telephone directories that it distributes free to telephone subscribers and others. PCPB derives its income from advertisers who buy space in the directories. The directories are manufactured by others who supply printing, binding and paper. Since 1970 PCPB has paid sales tax on the printing, binding and paper pursuant to N.J. S.A. 54:32B-3(a) and 3(b)(1). Princeton Phone Book v. Dir., Div. of Tax, 145 N.J. Super. 589, 368 A.2d 933 (App.Div.1976), *198 certif. den. 73 N.J. 66, 372 A.2d 331 (1977). It may be noted at this point that analytically a taxable transaction could alternatively be said to occur when the directories were distributed free to the consumers, since the advertising revenues provide the funds to offset the costs of distribution to the public. This, in effect, was the result reached in Fairlawn Shopper, Inc. v. Director, Div. of Tax., 98 N.J. 64, 484 A.2d 659 (1984) and Today Newspapers, Inc. v. Taxation Div. Director, 98 N.J. 75, 484 A.2d 665 (1984) upholding these free-circulation newspapers’ claims of exemption from sales tax on printing services and materials as “sales for resale.” N.J.S.A. 54:32B-2(e)(1)(A). The further result of these cases is clear: Although no sales tax is due on the transaction from printer to publisher, it is due on the “sale” by the publisher to the consumer and represents the portion of advertising revenues subsidizing the cost of distribution to the readers (which would otherwise be included in a price per copy charged such consumer).
The present action followed issuance by the Director of a “notice” reporting the Fairlawn Shopper decision and advising, generally, that where a “sale for resale” exemption will be claimed, a publisher should collect the sales tax from the advertisers. Although PCPB might have been “confused as to what to do,” it rejected Judge Andrew’s offer to decide the taxable transaction issue and instead sought to enjoin sales tax on either transaction until a regulation was issued following rule-making procedures in accordance with the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq. As already noted, we concur with the trial judge’s rejection of this and other contentions that the Director’s actions were invalid or violated PCPB’s constitutional rights. In his brief the Director noted that despite Fairlawn Shopper he continues to advise telephone directory publishers, including PCPB, to pay sales tax on paper, printing and binding as heretofore. At oral argument counsel confirmed that the Director in no event would attempt to retroactively collect any additional sales tax that might be due from PCPB if the rationale of Fairlawn Shopper and Today Newspapers were ultimately extended from free-circulation *199 newspapers to independent telephone directory publishers. We deem these assertions binding on the Director as were the stipulations in Fairlawn Shopper, so that no tax administration fairness problem arises as noted by Justice Garibaldi in her dissent in Airwork Ser. Dir. v. Director, Div. of Taxation, 97 N.J. 290, 478 A.2d 729 (1984). We add, of course, that a prospective change in the identification of the taxable event may always be accomplished by the Director by statutory rule-making procedures, Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 478 A.2d 742 (1984), or by any party in a judicial declaratory judgment action. The present posture of this case, however, does not mandate rule-making as noted by Judge Andrew.
Judge Andrew was also clearly correct in granting NJBT Co’s motion to dismiss the complaint against that taxpayer. Before this court, as well as the trial court, counsel for PCPB appeared to request a voluntary dismissal of the count involving NJBT Co. In any event, the claim of discrimination in the tax treatment is not cognizable as noted by Judge Andrew, and completely ignores the partial difference in the status and operations of the two entities.
Affirmed.