ANDEEW, J.T.C.
This is a state tax case concerning the tax liability of plaintiff, Telepages, Inc., under the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq. Plaintiff challenges an assessment by the Director of the Division of Taxation of sales tax of $56,753.77 in connection with plaintiffs purchases of printing materials and services for the period July 1, 1980 through June 30, 1983.
In lieu of trial, the parties have submitted a stipulation of facts. These facts follow. Plaintiff is a New Jersey corporation with its principal office in Parsippany, New Jersey. Plaintiffs clients pay for advertising space in telephone directories which plaintiff publishes and distributes to consumers in New Jersey “free of charge.” Other than advertising fees, plaintiff derives virtually no additional income from the directories. Using paper supplied by an out-of-state firm, an independent printing company located in Texas prints and binds the directories. A common carrier then transports the directories to New Jersey where All-Ways Advertising Company, Inc. (All-Ways), an independent distributing company, distributes them.
All-Ways tells the Texas printer how many directories to print, and the printer bills Telepages accordingly. Plaintiff then directs All-Ways which New Jersey municipalities, or other political subdivisions, to cover with each of 43 directories. Although contractually obligated to maintain the same quality of distribution as in the past, All-Ways has sole discretion with respect to the number and identity of residences and businesses which receive the directories. After distribution, All-Ways bills Telepages at an agreed upon rate per directory.
Plaintiff publishes each of its 43 directories (designed to cover 43 geographic areas, respectively) approximately every 12 to 15 months. The directories contain standard business and professional listings (for which the parties listed do not pay), *34 public service information (sports information, emergency phone numbers and general information) and paid advertisements. The paid advertisements constitute approximately 37% of each directory.[1] The prices charged by plaintiff to its customers for advertising space are designed to cover plaintiffs printing and distribution costs, salaries, sales commissions, operational and overhead costs and profit. However, plaintiff does not allocate the price paid by its advertisers to these various costs.
On September 7, 1984 defendant issued a final determination assessing plaintiff for a total sales tax deficiency of $56,753.77 for purchases of printing materials and services made between July 1,1980 and June 30,1983.[2] In making the assessment, the Director maintained that the transactions between Telepages and its printer constituted taxable sales. On October 29, 1984 plaintiff filed a complaint with the Tax Court challenging the assessment, and in June 1985, after this court denied each party’s motion for summary judgment, and in order to secure both the assessed tax and interest, plaintiff filed an irrevocable letter of credit with defendant.
In its complaint, plaintiff alleges that (1) its purchases of printing materials and services from the Texas printer constitute “sales for resale” which are exempt from sales tax under N.J.S.A. 54:32B-2(e) and -3(a); (2) the Division cannot bypass the administrative process by now “shifting ground” to assert that sales tax is due on either the “resales” of the directories or the sale of advertising space; (3) defendant is estopped from asserting that plaintiff owes sales tax on its sale of advertising space; (4) the imposition of a “use” tax on either the directories or their constituent printing materials and services would violate the “Commerce Clause,” U.S. Const., Art. I, § 8, because *35 plaintiff neither uses, nor exercises control over, its directories in New Jersey, and because there is no break in the interstate journey of the directories in New Jersey; (5) the sales of printing materials and services, and the resales of the directories, are exempt from sales tax under N.J.S.A. 54:32B-8.7 and/or N.J.S.A. 54:32B-8.13(c), respectively, because they constitute either telephone services and/or telephone equipment, and finally, (6) the directories are “periodicals,” the sale and resale of which are exempt under N.J.S.A. 54:32B-8.5.
Defendant counters that (1) plaintiffs purchases of printing materials and services are taxable; (2) in the alternative, plaintiff’s “resales” of its directories are taxable; (3) defendant is not precluded from asserting that the “resales” are taxable; (4) the Commerce Clause does not prevent defendant from taxing the “resales”; (5) the directories constitute neither telephone equipment nor telephone services, and finally, (6) the directories are not tax-exempt periodicals.
I.
Initially, plaintiff, relying upon Fairlawn Shopper, Inc. v. Taxation Div. Director, 98 N.J. 64, 484 A.2d 659 (1984) and Today Newspapers, Inc. v. Taxation Div. Director, 98 N.J. 75, 484 A.2d 665 (1984), contends that its purchases of printing materials and services are exempt from either sales or use tax because the transactions between plaintiff and its Texas printer constitute nontaxable “sales for resale” pursuant to N.J.S.A. 54:32B-2(e)(1)(A) and -3(b)(1). In each of those decisions our Supreme Court considered the issue of whether the purchases of printing materials and services by free-circulation newspaper publishers should be characterized as sales for the purpose of resale and thus exempt from sales and use tax. The publisher-plaintiffs in those cases, as here, purchased printing materials and services for their “shopper’s guides” from an independent printing firm. These shopper’s guides which contained mainly advertisements from local businesses, some classified advertisements and some news of local events and services were distributed to the public without charge. The publisher’s revenues, as *36 here, were derived from the advertising fees charged to its advertisers.
The Court held, in each instance, that the advertisers were “subsidizing the readers” of the shopper’s guides “to the extent of the price per copy that the publisher would otherwise charge the consumer.” Fairlawn Shopper, Inc., 98 N.J. at 73, 484 A.2d 659. Thus, the publisher-plaintiffs’ purchases of printing materials and services were deemed nontaxable “sales for resale.” Due both to the fact that receipts from the sale of newspapers are specifically exempt from sales and use tax under N.J.S.A. 54:32B-8.5 and the fact that shopper’s guides were deemed to be newspapers, no tax couíd be imposed upon their resale.
Defendant does not attempt to distinguish the Fairlawn Shopper and Today Newspapers cases from the factual pattern that exists in this case. Rather defendant explains that, following the enactment of the Sales and Use Tax Act and continuing through the time that the present assessment was imposed, his position, which was supported by decisional law, Princeton Community Phone Book, Inc. v. Taxation Div. Director, 145 N.J.Super. 589, 368 A.2d 933 (App.Div.1976), certif. den. 73 N.J. 66, 372 A.2d 331 (1977), was that publishers producing printed advertising materials that were distributed free of charge should pay sales or use taxes upon their purchases of such materials from the printer. This position was based on defendant’s view that the materials were not resold to the ádvertisers.
Defendant asserts that the assessment which was made on November 17, 1983 for the period of July 1, 1980 to June 30, 1983 was based on the prevailing law at that time, i.e., the Director’s long-standing consistent interpretation supported by the Appellate Division opinion in Princeton Community Phone Book, Inc., supra. Fairlawn Shopper and Today Newspapers were not decided by our Supreme Court until October 4, 1984, long after the assessment and the period covered by it. Thus, defendant argues that plaintiff should have been paying the tax upon its purchases of printing materials and services.
*37 While this may be so, 'it does not change the fact that our Supreme Court has held in both Fairlawn Shopper and Today Newspapers that transactions very like those at issue here are nontaxable “sales for resale.” I cannot find any relevant differences in the facts in those cases and the present case that would justify a different conclusion. Therefore, I conclude that the transactions involving plaintiff’s purchases of printing materials and services constitute sales for the purpose of resale and thus are exempt from sales tax under the act.
II.
Defendant contends that if plaintiff’s purchases of printing materials and services are not subject to tax under the rationale of Fairlawn Shopper and Today Newspapers because the transactions are nontaxable “sales for resale” then it is manifestly evident that a tax is due upon the “resales.” See Metpath, Inc. v. Taxation Div. Director, 96 N.J. 147, 151, 474 A.2d 1065 (1984) (The general legislative intent of the sales act is to impose the tax on sales of tangible personal property unless that property is to be resold in which event the tax would be incurred on the resale) and DelVal Pennysaver, Inc. v. Taxation Div. Director, 3 N.J.Tax 164, 172-173 (Tax Ct. 1981), rev’d on other grounds 188 N.J.Super. 108, 456 A.2d 115 (App.Div.1983) (“The design of the statute is for the ultimate purchaser to pay the sales tax in a ‘sale for resale’ situation.”).
In this alternative argument, defendant recognizes that the tax base of the “resales” may be different than the tax base of the “sales” but states that it is not seeking to impose a tax any greater than the original assessment. Plaintiff does not challenge the amount of the assessment but rather responds to defendant’s contention by stating that while defendant has assessed plaintiff for sales or use tax on plaintiff’s purchases of printing materials and services it has not assessed plaintiff for sales or use tax either on the sale of advertising space to its advertisers or on the “resales” of plaintiff’s telephone directories and that defendant cannot do so now.
*38 Plaintiff argues that to permit defendant to shift its position from originally seeking to tax the transactions between plaintiff and its printer and now to seek to tax the transactions between plaintiff and its advertisers denies plaintiff the right to an administrative hearing before the Director. As plaintiff notes, in the event of a tax deficiency, N.J.S.A. 54:49-6 authorizes the Director to assess additional taxes. N.J.S.A. 54:49-18 further provides that, if he so requests within 30 days of notice of the assessment, the taxpayer has the right to a hearing.
Plaintiff contends that its interest in the administrative notice and hearing outweighs defendant’s interest in “bypassing the normal procedure.” In balancing the interests of the respective parties, however, plaintiff admits that, if defendant did not “[bypass] the normal procedure,” the application of the statute of limitations “might” preclude the collection of taxes on any resales for the period covered by the assessment.[3] Plaintiff insists, however, that since defendant’s ability to collect the tax would not be impaired because plaintiff has posted an irrevocable letter of credit, even though it would effectively preclude the collection of any additional tax for the period in question, the application of the statute of limitations is irrelevant to, and would not prejudice, defendant’s interest.
Plaintiff’s claim that a procedural bar to bringing an action is not prejudicial to the precluded party is not convincing. I find even less convincing the claim that such a bar is irrelevant to that party’s interest. Moreover, the Tax Court has held that, provided he meets due process requirements, and acts within the statutory period, the Director may use alternative *39 theories to support an assessment of additional tax.[4] See Middlesex Water Co. v. Taxation Div. Director, 181 N.J.Super. 338, 3 N.J.Tax 233, 251-254, 437 A.2d 368 (Tax Ct.1981), citing Meade Corp. v. Blackmon, 129 Ga.App. 526, 199 S.E.2d 839 (Ct.App.l973).[5] Plaintiff has not contended that the additional assessment was untimely or that it failed to meet due process requirements. Moreover, as Judge Lasser noted in Middlesex, plaintiff is not prejudiced by permitting defendant to make alternative arguments since the Tax Court reviews proceedings de novo. Id. 3 N.J.Tax at 253. And as in Middle-sex, the Director here raised its alternative theories early enough to avoid surprise.[6] Furthermore, as in Middlesex, the alternative theories here arise from the same set of facts that gave rise to the additional assessment. Id. 3 N.J.Tax at 254. Thus, I conclude that defendant may assert an alternative theory to support his assessment. Inasmuch as plaintiff has not challenged the amount of the assessment (as opposed to its legal basis) and has not challenged the taxability of the resales, defendant’s assessment is supported by its alternative argument.
*40 III.
Although plaintiff contends that its purchases of printing materials and services are not taxable because these events constitute “sales for resale” under the Fairlawn Shopper and Today Newspapers cases, oddly, but not surprisingly, it also argues that the transactions between it and its advertisers constitute nontaxable sales of “advertising space.”[7] As defendant notes, this is apparently plaintiffs way of ignoring the fact that if its transactions with the printer are exempt “sales for resale,” subsequently there must be taxable “resale” transactions.
As defendant further and correctly points out, if plaintiff “is selling ‘advertising space,’ then its purchases [of printing materials and services] are not for ‘resale,’ and it is liable for tax upon its purchases. If, however, its purchases are for ‘resale’ then it is ‘reselling telephone directories,’ and not advertising space.”
Plaintiff cannot have it both ways. I have concluded that the interim transactions between plaintiff and its printer constitute exempt “sales for resale” and thus logically, absent some additional exemption provision, plaintiff’s “resales” are taxable events.
IY.
Plaintiff also argues that the tax which defendant seeks to impose in this proceeding is violative of the Commerce Clause, U.S. Const., Art. I, § 8, Cl. 3 and N.J.S.A. 54:32B-8.10, the latter of which exempts from sales tax “[r]eceipts from sales *41 not within the taxing power of this State under the Constitution of the United States____”
In making this argument plaintiff alleges that it does not “use” the telephone directories in New Jersey because it does not exercise any control over the directories in this State and therefore defendant cannot impose within constitutional limitations, a “use” tax. Defendant responds to plaintiffs contention by noting that plaintiffs New Jersey distribution contractor, All-Ways, does, in fact, take physical possession of the directories in this State and does distribute them to New Jersey recipients. Defendant then attributes “use” of the directories by All-Ways in New Jersey to plaintiff because the directories are controlled and distributed in New Jersey by All-Ways in accordance with plaintiffs contractual obligations with its advertisers.
It appears that the parties have focused on the concept of “use” as opposed to “sale.” [8] Plaintiff has contended and I have agreed, based on the shopper’s guide cases of Fairlawn Shopper and Today Newspapers, that its purchases of printing materials and services from its printer are exempt “sales for resale.” Thus, the focus must then be on the “resale” transactions.[9] Plaintiff does not contend that the “resales” do not occur in this State. There is nothing in the record of this case to demonstrate that the resales, involving New Jersey advertisers and delivery or transfer of possession of the directories to *42 New Jersey consumers,[10] do not take place or are not consummated within New Jersey. This State can clearly seek to tax sales that take place within its borders without fear of violating constitutional precepts. McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565 (1940); International Harvester v. Dep’t of Treasury, 322 U.S. 340, 64 S.Ct. 1019, 88 L.Ed. 1313 (1944). The use tax is nothing more than a complement to the sales tax, and its primary purpose is to recapture revenue otherwise lost when, although purchased out-of-state and consequently not subject to New Jersey sales tax, tangible personal property is used in this State to the same extent as property purchased here and subject to New Jersey sales tax. Diamondhead Corp. v. Taxation Div. Director, 4 N.J.Tax 255, 258 (Tax Ct.1982). Since New Jersey cannot tax sales that take place outside its borders, it taxes the use of the property within the confines of the State. Ibid. There is no need, however, to consider the compensating use tax and its constitutional and statutory limitations when the transactions in issue are “resales” which this State can tax because they occur within the jurisdiction of the State.
V.
Plaintiff contends that its purchases of printing materials and services from the printer constitute nontaxable telephone services or equipment. However, since plaintiffs purchases of printing materials and services constitute “sales for resale” and are therefore exempt from sales tax, I need not address this aspect of plaintiffs argument.
Plaintiff also, however, claims that, because they constitute telephone services and/or equipment, the “resales” of the directories are exempt from sales tax pursuant to N.J.S.A. 54:32B-8.7 and/or -8.13(c), respectively. As plaintiff correctly *43 observes, the nature of the provider does not limit the exemptions for either telephone services or telephone equipment. Therefore, even though not a regulated telephone or telegraph company, if otherwise eligible, plaintiff can qualify for the exemptions. Radiofone Corp. of N.J. v. Taxation Div. Director, 4 N.J.Tax 420, 427 (Tax Ct.1982).
In arguing that resales of the directories constitute telephone services, plaintiff relies upon New Jersey Bell Telephone Co. v. Director, Div. of Taxation, 152 N.J.Super. 442, 378 A.2d 38 (App.Div.1977), certif. den. 75 N.J. 594, 384 A.2d 824 (1978). In N.J. Bell the court determined that certain services, i.e., nonrecurring installation charges and audio and video transmissions, constitute telephone services and are exempt from sales tax. In so concluding, the court noted that the Legislature’s express exemption of both telephone services and equipment comprised a statutory pattern intended “to insure that ‘telephone services ’ in their broadest sense would be exempt from sales taxation.” Id. 152 N.J.Super. at 447, 378 A. 2d 38; emphasis in the original;[11] see also Radiofone, supra, 4 N.J.Tax at 426. In Radiofone, however, the court noted that N.J. Bell applied only to the sale of services and did not implicate sales of tangible personal property. Id. at 426.[12] Unlike N.J. Bell, in the present case plaintiff merely “resold” tangible personal property (the directories). If not part of an accompanying service, however, the sale of tangible personal property alone does not constitute a telephone service.
Plaintiff nevertheless maintains that, because it should receive the same tax treatment as another taxpayer, namely, New Jersey Bell Telephone Co., plaintiff should not be liable for *44 sales tax on the nonadvertising portions of its directories.[13] The issue before this court, however, is how to assess plaintiff according to the standards set forth in the Sales and Use Tax Act (which plaintiff has not challenged as being unconstitutional), and not whether plaintiff is paying taxes commensurate with some other taxpayer.[14] According to the standards found in the Sales and Use Tax Act, the resales of plaintiffs directories do not constitute telephone services. See in this regard the discussion of the selective enforcement of the Sales and Use Tax Act by former Tax Court Judge Conley in Radiofone Corp., supra, 4 N.J.Tax at 430-431.
Plaintiff also argues that, as distributed and/or as purchased from the printer, its directories constitute telephone equipment. N.J.S.A. 54:32B-8.13 states:
Receipts from the following are exempt from [sales tax]____
c. Sales of telephone lines, cables, central office equipment or station apparatus or other machinery, equipment or apparatus, or comparable telegraph equipment, for use directly and primarily in receiving at destination or initiating, transmitting and switching telephone or telegraph communication____[Emphasis supplied]
Although N.J. Bell applies only to telephone services, Radiofone applies to telephone equipment. In Radiofone the Tax Court held that, because there was neither a necessary *45 connection with telephone communication, nor a direct involvement of a telephone, even though they are programmed to respond to a telephone signal, “pagers” do not constitute telephone equipment. 4 N.J.Tax at 425. Rather, pagers serve merely as signaling devices alerting a subscriber that a caller is attempting to reach him. Ibid. Similarly, although they provide information helpful in deciding whom to call and which phone number to dial, plaintiffs directories are neither necessarily connected with telephone communication, nor directly involved with a telephone. Therefore, whether or not they constitute telephone “machinery, equipment or apparat[i],” because they are not “for use directly and primarily in ... telephone ... communication,” N.J.S.A. 54:32B-8.13, plaintiffs directories do not constitute telephone equipment.
VI.
Finally, plaintiff asserts that, because its directories constitute “periodicals,” their resale is exempt from sales tax pursuant to N.J.S.A. 54:32B-8.5.[15] Plaintiff argues that by “periodicals” the Legislature intended to refer to any publication published at periodic intervals. Therefore, plaintiff concludes, because “in order to keep the information current,” its directories are published at approximately regular intervals (every 12 to 15 months), they fall within the common definition of periodicals and are consequently exempt from sales tax.
Defendant counters that, because the word “periodicals” refers only to publications similar to newspapers and magazines, plaintiffs interpretation is overbroad. While the primary purpose of publications like newspapers and magazines is to *46 transmit information, defendant maintains, the primary purpose of plaintiffs directories is advertising. As evidence for the alleged primary purpose of plaintiffs directories, defendant observes that, other than advertising fees, plaintiff received virtually no additional income from the directories.
According to N.J.S.A. 54:32B-8.5, “receipts from sales of newspapers, magazines and periodicals are exempt from ... [sales tax].” Neither case law nor legislative history addresses the question of whether directories like plaintiffs constitute periodicals within the meaning of the statute.[16] However, under the ejusdem generis rule of statutory construction, the word “periodicals” is limited in reference to publications like newspapers and magazines. Resnick v. E. Brunswick Tp. Bd. of Ed., 77 N.J. 88, 100, 389 A.2d 944 (1978); H.G.K.W. Corp. v. East Brunswick Tp., 8 N.J.Tax 454 (Tax Ct.1986), and Manczak v. Dover Tp., 2 N.J.Tax 529 (Tax Ct. 1981). See 2A Sutherland, Statutory Construction (4 ed. Sands 1973), § 47.17 at 166. Furthermore, because plaintiff is attempting to bring itself within an exemption from tax, the rule of strict construction imposes upon plaintiff the burden of showing that its directories clearly constitute periodicals like newspapers and magazines. Princeton Univ. Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961); Board of National Missions v. Neeld, 9 N.J. 349, 353, 88 A.2d 500 (1952); New Brunswick v. Rutgers Community Health Plan, 7 N.J.Tax 491, 498 (Tax Ct.1985), and Nu Beta Alumni Ass’n v. New Brunswick, 7 N.J.Tax 379, 384 (Tax Ct. 1984).[17] The word *47 “periodicals,” moreover, should receive its “ordinary and common significance.” Lane v. Holderman, 23 N.J. 304, 129 A.2d 8 (1957), and City of East Orange v. Tp. of Livingston, et al., 102 N.J.Super. 512, 536, 246 A.2d 178 (Law Div.1968), aff’d 54 N.J. 96, 253 A.2d 546 (1969).
As defendant argues, the word “periodicals” does not refer to publications like plaintiffs which have the primary purpose of advertising. Although plaintiff receives virtually all of its income from advertising, that fact alone would not necessarily preclude classification as a periodical. Plaintiff here, however, has offered no evidence in support of a purpose other than advertising. Rather, the record reveals that the information and non-advertising portions of the directories are merely incidental to, and designed to increase the effectiveness of, the advertising portions. But more important, as plaintiff itself admits, each new “edition” of its directories merely updates the same body of information. In contrast, although they too may in part update information, new issues of periodicals (especially those like newspapers and magazines) have the primary purpose of transmitting entirely new information and topics.
In sum, because plaintiffs directories fundamentally differ from periodicals like newspapers and magazines, I find that plaintiff did not overcome the burden of bringing its directories within the statutory exemption for “periodicals.”
For the reasons expressed, I conclude that plaintiff’s “resales” of its directories are subject to sales tax for the period July 1, 1980 through June 30, 1983. Neither plaintiff nor defendant has challenged the appropriateness of the measure of sales tax in the Director’s assessment. Therefore, I direct the Clerk of the Tax Court to enter judgment sustaining the Director’s final determination.

In the stipulation of facts, defendant reserved the right to contest plaintiff’s estimate of 37%. Since defendant has not contested it, this court adopts plaintiffs unchallenged estimate.

The assessment included interest to September 20, 1984 of $ 12,984.42.

 N.J.S.A. 54:32B-27 provides that “no assessment of additional tax shall be made after the expiration of more than three years from the date of the filing of a return.” Although the stipulation of facts does not include the dates of the returns, the final determination letter refers to a notice of assessment, dated November 17, 1983, for the deficiency here in question. Consequently, any further assessment of additional tax would be untimely at least for the period of July 1, 1980 to June 30, 1983.

Plaintiff also claims that it relied upon the alleged advice of defendant’s predecessor that there would be no sales tax on the transactions between plaintiff and its advertisers. Therefore, plaintiff maintains, defendant ought to follow its administrative procedures and reinstate a deficiency assessment. Since defendant may rely upon alternative theories, it has in fact followed its administrative procedures, and this court need not consider the effect, if any, of plaintiffs recollection and reliance.

As defendant points out, the factual pattern in the Georgia decision of Meade Corp. v. Blackmon, supra, cited by Judge Lasser in Middlesex Water Co. v. Taxation Div. Director, supra, is strikingly similar to the factual situation that exists in this case. Plaintiffs attempt to distinguish the Meade Corp. case from the present matter based on alleged differences in Georgia and New Jersey law is totally unpersuasive.

As it concedes in its trial brief, plaintiff had notice of the alternative theories at the time they were added to the pretrial order. Moreover, plaintiff has not argued that it did not have notice of the alternative theory involved or that it did not have an opportunity to be heard at a meaningful time and in a meaningful manner.

Defendant has not challenged in its brief, plaintiffs contention, based on an estoppel concept, that plaintiffs advertising services are not taxable. I find it unnecessary, therefore, to address, in the context of this proceeding, the questions of whether plaintiffs advertising services are not taxable under the act or whether plaintiffs advertising services are not taxable due to estoppel.

 A taxable sale and hence “resale" is defined in the act to be “any transfer of title or possession or both, ... in any manner or by any means whatsoever for a consideration, or any agreement therefor____” [N.J.S.A. 54:32B-2(f)]

As the Appellate Division noted in Princeton Community Phone Book, Inc. v. Baldwin, 9 N.J.Tax 195 (Tax Ct.1985), certif. den. 102 N.J. 386, 508 A.2d 247 (1985):
The further result of [the Fairlawn Shopper and Today Newspapers ] cases is clear: Although no sales tax is due on the transaction from printer to publisher, it is due on the "sale" by the publisher to the consumer and represents the portion of advertising revenues subsidizing the cost of distribution to the readers (which would otherwise be included in a price per copy charged such consumer).

In its argument concerning an exemption for telephone services, plaintiff contended that its telephone directories are "resold” to the consuming public. Insofar as the record discloses, these consumers are all located in New Jersey.

In his concurring opinion to N.J. Bell, Judge Horn notes that, while it generally imposes the sales tax on retail sales, N.J.S.A. 54:32B imposes sales tax only on specifically enumerated services. Since telephone services are not enumerated, the exemption for telephone services is superfluous.

In N.J. Bell the telephone company-taxpayer offered the use of its entire communication network to subscribers, but neither sold nor leased its equipment or facilities. 152 N.J.Super. at 453, 38 A.2d 38.

The record indicates that, according to the Division of Taxation, the nonadvertising portions of telephone directories distributed by New Jersey Bell Telephone Co. to its subscribers constitute telephone services.

At oral argument plaintiff argued that the Director’s interpretation of the Sales and Use Tax Act as it applies to New Jersey Bell Telephone Co. ought to receive great weight in any judicial interpretation of the act. Nevertheless, the Director's interpretation depends on those specific facts and circumstances which are unique to New Jersey Bell Telephone Co. And even though the nature of the provider is not relevant, the specific nature of the service provided determines how the act is applied. In this case, because they are not relevant to the determination of plaintiffs sales tax liability, the facts and circumstances relating to the operations of New Jersey Bell Telephone Co. neither are, nor should be, before this court. See Evid.R. 4.

Although, in the introductory portion of its brief, plaintiff stated that its directories were exempt from sales tax because they were "magazines or periodicals,” it has not argued that its directories are exempt from sales tax because they constitute "magazines" pursuant to N.J.S.A. 54:32B-8.5. Therefore, the question of whether plaintiffs telephone directories constitute "magazines” has not been addressed.

Nevertheless, the United States Supreme Court has stated, "... the fact that a publication is issued at stated intervals under a collective name, does not necessarily make it a periodical.” Henry O. Houghton v. Henry C. Payne, 194 U.S. 88, 98, 24 S.Ct. 590, 592, 48 L.Ed. 888, 890 (1903).

Although tax exemption statutes are strictly construed against the taxpayer, I am mindful that strict construction will not defeat an "evident legislative design" or "apparent legislative purpose.” Ibid.