KUSKIN, J.T.C.
Defendant, Director of the New Jersey Division of Taxation (Director), has moved to dismiss plaintiffs complaint in this matter on the grounds that plaintiffs claim for refund of sales tax was filed over two years after the four-year refund claim period established by N.J.S.A. 54:32B-20(a), a provision of the Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29. In opposition to the motion, plaintiff contends that the four-year time limit can and should be relaxed and relies on the doctrines of waiver, equitable estoppel, and laches. For the reasons set forth below, I grant the Director’s motion.
*649 The factual background to the motion is as follows. On January 20, 2005, plaintiff filed a claim with the Director seeking a refund of $51,208.57 in sales tax paid during the period November 1998 through April 1999. The refund claim was based on plaintiff’s contention that purchases of certain items by it were not subject to sales tax. Plaintiff submitted a list of the items and the invoices on which tax allegedly was improperly paid. In reviewing the claim, the Director requested additional information. As part of the response, on February 23, 2006, plaintiff submitted a revised list of purchases as to which it sought a refund of sales tax. Under the revised list, the amount of the refund sought was reduced to $46,694.57.
On October 25, 2006, the Director issued a Final Determination letter which granted a refund of $410.53 and denied the balance of the claim. The letter made no mention of any untimeliness of the filing of the claim. Plaintiff filed a complaint with the Tax Court on January 23, 2007 challenging the denial of its refund claim in excess of $410.53. The Director’s answer did not specifically allege any untimeliness in the filing of the claim but asserted, as separate defenses, a reservation of the right to move “at or before trial” to dismiss the complaint based on its failure to state a claim for relief or based on this court’s lack of subject matter jurisdiction. The Pretrial Order entered on June 18, 2007 specified as one of the issues to be determined: “Did plaintiff file its refund claim in a timely fashion?”
The Director relies on the following provisions of N.J.S.A. 54:32B-20(a) as requiring dismissal of plaintiffs appeal:
In the manner provided in this section the director shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application to the director for such refund shall be made within four years from the payment thereof.
The Director argues that four years from April 1999 expired, at the latest, in April 2003. Because plaintiffs claim for refund was not filed until January 20, 2005, the Director asserts that the claim was untimely and barred by the statute even though the Director had considered the claim on the merits and awarded a partial refund.
*650 In opposition to the motion, plaintiff contends that the deadline for the filing of its refund claim should be relaxed because decided case law relating to the strict construction of deadlines in tax appeal matters applies only to local property tax appeals filed pursuant to N.J.S.A. 54:3-21 (setting the deadlines for filing of local property tax appeals and counterclaims). Plaintiff also asserts that, because the Director considered the claim on the merits and granted a partial refund without at any tune asserting that the claim was untimely, the doctrines of waiver, equitable estoppel, and laches preclude dismissal of its appeal. In this context, plaintiff notes that the Director did not raise the untimeliness issue until almost three years after the Director could have done so (that is, at the time plaintiff filed its refund claim on January 20, 2005) and asserts that plaintiff changed its position to its detriment as a result of the delay. The specific detriment described by plaintiff is the incurring of litigation burdens and expenses in reliance on the Director’s treatment of the refund claim.
As its final argument in opposition to the Director’s motion, plaintiff asserts that the presumption of correctness of actions by the Director should be applied to the Director’s final determination on the merits as to plaintiffs refund claim. Plaintiff describes the Director’s consideration of the claim on the merits as constituting a “tacit determination” that the claim was timely. This argument is similar to plaintiffs contentions as to waiver, and I will address the argument in my discussion of the waiver contentions.
In response to plaintiffs arguments, the Director asserts that the defense of untimeliness of the refund claim was incorporated in the separate defenses of failure to state a claim for relief and lack of subject matter jurisdiction set forth in the answer to the complaint and was raised in the pretrial conference. The Director argues that, because of the late filing of the refund claim, this court lacks subject matter jurisdiction of plaintiffs complaint and that subject matter jurisdiction is an issue that can be raised at any time.
*651 With respect to plaintiffs arguments as to the doctrines of waiver, equitable estoppel, and laches, the Director notes that, under settled case law, those doctrines rarely are applied against a taxing authority and asserts that plaintiff has failed to demonstrate any intentional waiver of the timeliness defense or any extraordinary circumstances that would warrant the application of any of these doctrines. Specifically, the Director asserts that the time limit for filing the refund claim expired over two years before the claim actually was filed and that plaintiff did not incur any significant litigation expenses in reliance on the Director’s failure to raise the issue of untimeliness in the Final Determination letter.
Statutes of limitation applicable to the filing of claims for tax refunds or relief from tax assessments are strictly construed. As stated by our Supreme Court:
Strict adherence to statutory lime limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government. This view has long been recognized by New Jersey courts and it has a solid policy basis. [F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 424-25, 495 A.2d 1313 (1985) (citations omitted). ]
Plaintiffs argument that the preceding guiding principle applies only to property tax appeals under N.J.S.A. 54:3-21 receives no support from decisional law. In Commercial Refrigeration & Fixture Co. v. Director, Division of Taxation, 184 N.J.Super. 387, 2 N.J.Tax. 415, 446 A.2d 210 (Tax 1981), a decision involving a claim for refund of sales tax, the Tax Court articulated the principle of strict construction of statutory time limits as follows:
Refund moneys are available to be claimed by a taxpayer or by a person required to collect the tax according to well-defined procedures. An otherwise eligible taxpayer or vendor who does not comply with the established procedures waives his entitlement to any refund. After the two-year limitation period [ (then in effect)) for the filing of a refund application has passed, the State is entitled to assume that its tax revenues need not be refunded under any circumstances. The limitation period is mandatory and is justified by the need for predictability of revenues by the State,
[Id. at 419, 446 A.2d 210 (citation omitted).]
In H.B. Acquisitions, Inc. v. Director, Division of Taxation, 12 N.J.Tax 60 (Tax 1991), a case in which the taxpayer sought a refund of corporation business tax, Judge Lasser set forth the following basic tenets applicable to the plaintiffs claim:
*652 Public policy discourages suits for the refund of taxes erroneously paid or illegally collected. It is a well established principle that statutes of limitation applicable to suits against the government are conditions attached to the sovereign’s consent to be sued and must be strictly construed.
[Id. at 65 (citations and internal quotation marks omitted).]
Cf. Lenox Inc. v. Director, Division of Taxation, 19 N.J.Tax 437, 450-52 (Tax 2001) (holding that a report to the Director of changes in the taxpayer’s tax liability made by the Internal Revenue Service was untimely when the Director received the report one day after expiration of the ninety day period for filing the report).
In John R. Sand & Gravel Co. v. U.S., 552 U.S.-, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008), the Supreme Court distinguished between statutes of limitation that “seek primarily to protect defendants against stale or unduly delayed claims” and those that seek “to achieve a broader system-related goal, such as ... limiting the scope of a governmental waiver of sovereign immunity....” The Court stated that it
has often read the time limits of these [latter] statutes as more absolute, say as requiring a court to decide a timeliness-question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period. As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as ‘jurisdictional.’
[Id. at—, 128 S.Ct. at 753,169 L.Ed.2d at 595 (citations omitted).]
In support of its distinction between the two types of statutes of limitation, the Supreme Court cited with approval Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128 (1887), in which a complaint filed in the Court of Claims was dismissed because the underlying claim against a government agency was untimely. The agency’s failure to reject the claim as untimely did not constitute a waiver or abandonment of the timeliness defense.
The four year limitations period contained in N.J.S.A. 54:32B-20(a), is, as set forth in LIB. Acquisitions, supra, a condition to New Jersey’s waiver of sovereign immunity as to refund claims and thus is not subject to extension based on equitable considerations. Therefore, case law dealing with statutes of limitation and the relaxation thereof in contexts other than those relating to taxation are not persuasive in the tax refund area. Consequently, even though courts may have indicated that, *653 under certain circumstances, statutes of limitation can and should be relaxed, those rulings do not apply to tax matters where such relaxation is unavailable except in the most extraordinary circumstances. Those circumstances are not present here. Decisions such as Notte v. Merchants Mutual Insurance Co., 185 N.J. 490, 888 A.2d 464 (2006), upon which plaintiff relies, do not provide a basis for disregarding the lateness of plaintiffs refund claim filed over two years after the claim was due under N.J.S.A. 54:32B-20(a). Notte involved a common law claim for wrongful discharge and claims under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -8 (“CEPA”), and Law Against Discrimination, N.J.S.A. 10:5-12(a) and 12(d) (“LAD”). The decision dealt primarily with the issue of whether the relation-back doctrine applied to the common law and LAD claims. The co-plaintiff there had conceded that his CEPA claims were time-barred, and the trial court had entered summary judgment in favor of the defendants on those claims.
In considering plaintiffs arguments based on the timeliness of Director’s motion and based on the doctrines of waiver, equitable estoppel and laches, I take into account the principles discussed above as to the strict enforcement of time limits in tax matters, particularly with respect to refund claims. I conclude that the Director’s motion was timely and that the principles of waiver, equitable estoppel, and laches are not applicable to the facts before me.
The appropriate measure of the timeliness of the motion is in relation to the filing of plaintiffs complaint on January 23, 2007. The Director’s answer to the complaint, filed on March 23, 2007, asserted the separate defenses discussed above, namely, a reservation of rights to move to dismiss the complaint for failure to state a claim and because this court lacks subject matter jurisdiction. The Pretrial Order, entered slightly less than six months after the complaint was filed, specifically set forth the timeliness of the refund claim as an issue in this matter. Thus, plaintiff was on notice of the Director’s position as to timeliness not later than approximately six months after plaintiff filed its complaint. The Pretrial Memorandum submitted by plaintiff indicated that plain *654 tiff had served interrogatories and a request for production of documents but had conducted no other discovery and that no additional discovery was anticipated. Consequently, it appears that the costs of litigation incurred by plaintiff, in addition to the filing fees and attorney’s fees for preparation of the complaint, were limited and did not represent a major expenditure of funds in reliance on the fact that the Director did not raise the issue of timeliness of the refund claim in the October 25, 2006 Final Determination letter.
Plaintiffs arguments as to waiver, equitable estoppel and laches are interwoven, and it is difficult to segregate one from the other. Although the doctrines are defined somewhat differently, the definitions reflect certain general principles that are common to the three doctrines. Waiver is defined as “the voluntary and intentional relinquishment of a known right.” Knorr v. Smeal, 178 N.J. 169, 177, 836 A.2d 794 (2003). “The intent to waive need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference.” Ibid. Here, plaintiff has failed to demonstrate that the Director had any intention to waive the right to assert the untimeliness of the refund claim filed by plaintiff or even that the Director was cognizant of the timing issue at the time the Final Determination letter was issued.
My conclusion as to the non-applicability of the waiver doctrine derives additional support from ease law holding that the Director is not bound by the initial bases for a determination as to a taxpayer’s claim, and may, in the context of an appeal, assert additional grounds to support a tax assessment or denial of a refund. In Middlesex Water Co. v. Director, Division of Taxation, 181 N.J.Super. 338, 3 N.J.Tax 233, 437 A.2d 368 (Tax 1981), the Tax Court expressly sanctioned the Director’s assertion of an alternate theory of taxation, stating:
The Director does not seek to impose an additional assessment in excess of the original additional assessment. He is offering a different theory to sustain the same additional assessment for the same tax. At the time of imposition of an additional assessment the Director is not required to state all possible grounds and theories to support the assessment. He should not be precluded from developing *655 any defensive theory to justify the additional tax, provided due process requirements are met.
[Id. at 252-53, 437 A.2d 368.]
In Telepages, Inc. v. Director, Div. of Taxation, 9 N.J.Tax 30, 38-39 (Tax 1987), the court followed the holding in Middlesex Water, supra, and permitted the Director to assert, in the context of appeal proceedings, alternative theories to support an assessment. Middlesex Water and Telepages implicitly reject the proposition that the Director’s ability to defend an assessment is limited by a presumption that the Director’s initial response to a challenge to the assessment was correct. Similarly, the Director’s ability to defend a denial of a refund claim is not limited by a presumption that the Director’s initial treatment of the claim was correct. Consequently, I reject plaintiffs argument that a presumption of correctness applies to the Director’s Final Determination so as to preclude the assertion of a timeliness defense in these proceedings.
Plaintiff has failed to demonstrate that the doctrine of equitable estoppel is any more applicable to its refund claim than the doctrine of waiver. I discussed the very limited applicability of equitable estoppel in the context of tax matters in Marrinan v. Director, Div. of Taxation, 17 N.J.Tax 47 (Tax 1997). There, I summarized the applicable law as follows:
In order to invoke the doctrine of equitable estoppel against a public official or public entity, the party claiming the estoppel must demonstrate detrimental reliance on the action or inaction of the official or entity. “ ‘[T]he party seeking the benefit of estoppel has the burden of establishing that an officer of the State, conscious of the State’s true interest and aware of the private [party’s] misapprehension, stood by while the private [party] acted in detrimental reliance’ ” Newark v. Natural Resource Council in the Dept. of Envtl. Protection, 82 N.J. 530, 545, 414 A.2d 1304 (1980), cert. denied, 449 U.S. 983, 101 S.Ct. 400, 66 L.Ed.2d 245 (1980). In addition, the party must overcome the general reluctance of our courts to apply estoppel against a public official or public entity. In Black Whale, Inc. v. Director, Div. of Taxation, 15 N.J.Tax 338 (Tax 1995), the Tax Court prefaced a comprehensive survey of cases in which estoppel against a public entity was not permitted, Id. at 354-56, by commenting: ‘In practice, taxing authorities in New Jersey have never been estopped, either by their spoken words, their written words, or their actions, from imposing a tax.’ Id. at 355. [In] Petition of Adamar of New Jersey, Inc., 222 N.J.Super. 464, 537 A.2d 704 (App.Div.1988), ... the Appellate Division held that the Casino Control Commission was not estopped from reversing certain approvals granted by staff members and previously ratified by the Commission. The court set forth the following bases for its decision.
*656 [T]here is no showing of detrimental reliance on the prior approvals, or a “manifest wrong and injustice” sufficient to invoke the doctrine of equitable estoppel against this governmental entity .... [citations omitted] Courts rarely invoke equitable estoppel against a governmental entity, particularly where estoppel interferes with essential governmental functions----[citations omitted] To the extent that the staffs of the Commission and Division, and the Commission in ratifying their actions, erred in permitting payment on outstanding counter checks at branch offices, the Commission properly exercised its authority to reopen and vacate the approvals.
[Id. at 474-75, 537 A.2d 704 (citations omitted).]
Airwork Service Division v. Director, Div. of Taxation, 97 N.J. 290, 478 A.2d 729 (1984), cert. denied, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d [278] (1985), illustrates the extent of judicial resistance to applying the doctrine of equitable estoppel against the Director of the Division of Taxation. In that case, the Supreme Court affirmed the Tax Court’s refusal to apply the doctrine where the Director had reversed a published position regarding the collection of sales tax from out-of-state customers who contracted for in-state repair services. The taxpayer claimed that, because it could no longer collect the sales tax from customers on previously completed transactions, the Director should be estopped from collecting the tax. The Supreme Court noted that “[t]he strong public and governmental interest in the collection of the tax imposed by the Legislature will usually outweigh the asserted reliance by a taxpayer....” Id. at 299, 478 A.2d 729. [Id. at 57-58.]
Here, plaintiff has failed to demonstrate that the Director “stood by” while plaintiff pursued its litigation or that the cost and expense of the litigation in itself constituted a sufficient detrimental reliance to invoke the principles of equitable estoppel. The decision in Toys “R” Us, Inc. v. Director, Division of Taxation, 300 N.J.Super. 163, 692 A.2d 111 (App.Div.1997), is not applicable to plaintiff’s refund claim. In that case, approximately one month after imposing tax on the plaintiff in connection with the sale and use of labels, the Director reversed his position as to taxability of such transactions. The announcement of the change stated that “the Division [of Taxation] has taken the position” that sales of labels were exempt from tax. Id. at 166, 692 A.2d 111. The wording of the announcement indicated that the change may have occurred by the time the assessment was imposed on Toys “R” Us. Under these unusual circumstances, the Appellate Division held that the taxpayer should have an opportunity to establish grounds for estoppel or other equitable relief.
The facts relating to plaintiffs refund claim as set forth above are not analogous to those in Toys “R” Us. Here, plaintiff was *657 chargeable with the knowledge that a four-year time limit applied to refund claims under N.J.S.A. 54:32B-20(a). The Director’s failure to assert unümeliness as a basis for denying plaintiffs refund claim in the Final Determination letter and the assertion of untimeliness as a defense in these proceedings is not equivalent to imposing a sales tax assessment while almost simultaneously interpreting the applicable statute to render the transactions in question exempt from tax.
The doctrine of laches is similar to that of equitable estoppel and can be “invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party.” Knorr v. Smeal, supra, 178 N.J. at 180-81, 836 A.2d 794(citation omitted). Even construing the facts before me most favorably to plaintiff, they are insufficient to demonstrate an inexcusable or unexplained delay by the Director in asserting the untimeliness of plaintiffs claim for refund. The progress of the litigation in this matter and the effort and expense incurred by plaintiff are distinguishable from those considered by the court in Konopka v. Foster, 356 N.J.Super. 223, 812 A.2d 363 (App.Div. 2002), where the defendant filed its motion to dismiss over a year after interrogatories had been answered and other discovery produced, depositions of the plaintiff had occurred, the matter had been arbitrated, and the statute of limitations had run on the plaintiffs claim. Here, plaintiff served interrogatories and a request for production of documents but, as of the date of the Director’s motion, had not received a response. No depositions were taken and no proceedings other than the pretrial of this matter by telephone had occurred in the context of the litigation. The Director’s motion was filed approximately ten months after plaintiff filed its complaint.
In summary, I find and conclude that plaintiffs refund claim was filed over two years after the four year time limit established by N.J.S.A. 54:32B-20(a) had expired. I further find and conclude that the Director’s motion to dismiss, based on such untimely filing, is itself timely, and that the facts, when construed most favorably to plaintiff, are insufficient to demonstrate that the *658 doctrines of waiver, equitable estoppel or laches should apply to deny the Director relief in this matter. Consequently, I grant the Director’s motion and will enter judgment dismissing plaintiffs complaint.