**TAX COURT OF NEW JERSEY**



JOAN BEDRIN MURRAY
JUDGE

Essex County Dr. Martin L. King Jr. Justice Bldg.
495 Martin Luther King Blvd.- 4th Floor
Newark, New Jersey 07102-0690
609 815-2922, Ext. 54660

NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE TAX COURT COMMITTEE ON OPINIONS

June 11, 2026

James J. Robinson, Jr.
Deputy Attorney General
Jennifer Davenport, Attorney General of New Jersey
25 Market Street
Trenton, New Jersey 08625-0106

Constantine Stamos, Esq.
Ferraro & Stamos LLP
22 Paris Avenue, Suite 105
Rockleigh, New Jersey 07647

>      Re:     325 Tenafly Road LLC v. Dir., Div. of Taxation
>              Docket No. 000092-2021

Dear Counsel:

This letter constitutes the court's opinion with regard to defendant, Director, Division of Taxation's, motion to dismiss plaintiff, 325 Tenafly Road LLC's, complaint with prejudice for lack of subject matter jurisdiction under R. 4:6-2(a). In the underlying complaint, plaintiff contests defendant's denial of its claim for refund of the realty transfer fee based on the claim's untimeliness. Defendant contends






ENSURING
AN OPEN DOOR TO
JUSTICE



plaintiff's claim was made outside the ninety-day period within which to file a refund claim under N.J.S.A. 46:15-7.2(c).

While plaintiff does not dispute the untimeliness of its refund claim, it contends dismissal of its appeal would produce an inequitable result, and urges the court to allow the matter to proceed on its merits. Further, plaintiff asserts the error lies with defendant and the Bergen County Clerk's Office for failing to return the check upon reviewing Buyer's Affidavit of Consideration stating that the property is exempt from the realty transfer fee. For the reasons set forth below, the court concludes plaintiff's complaint is untimely and that equitable relief is not appropriate. Thus, the complaint is dismissed with prejudice.

I.    Findings of Fact and Procedural Posture

The facts in this matter are undisputed. By deed dated May 31, 2018, plaintiff, 325 Tenafly Road LLC, acquired title to property commonly known as 325 Tenafly Road, Tenafly, New Jersey for the sum of $1,600,000. Plaintiff's settlement agent sent the deed for recording with the Bergen County Clerk's Office (the "Clerk") on June 26, 2018, along with form RTF-1EE, Affidavit of Consideration for Use by Buyer ("Affidavit of Consideration"). Although the Affidavit of Consideration reflected that the transaction was not subject to the additional one percent realty transfer fee due to the property's classification as Class 4C - Apartments, plaintiff remitted a check for one percent of the consideration, or $16,0000, to the Clerk.

2

On April 20, 2020, plaintiff filed a Claim for Refund of the one percent realty transfer fee paid to defendant. By letter dated October 12, 2020, defendant rejected plaintiff's refund claim due to the fact that it was filed more than ninety days from July 10, 2018, the date the realty transfer fee was paid. Plaintiff filed the present appeal with the Tax Court on January 8, 2021.

By way of opposition to defendant's motion to dismiss its complaint, plaintiff concedes its refund claim was untimely but contends the matter should be allowed to proceed on the merits for equitable reasons. Plaintiff asserts that the Clerk wrongfully retained the check for $16,000 and should have noticed that the Affidavit of Consideration indicated that the transaction was not subject to the one percent realty transfer fee. In addition, plaintiff notes that the Clerk did not return the recorded deed for six months, by which time the ninety-day limitation period for filing a refund claim had expired. However, it is significant that plaintiff did not file its refund claim until more than one year after its receipt of the recorded deed.

II.   Conclusions of Law

Although referred to as a fee, the one percent additional realty transfer fee is subject to the State Uniform Tax Procedure Law ("UPL"). The UPL is the "exclusive remedy available to any taxpayer for review of an action of the Director of the Division of Taxation . . . or of a county recording officer with respect to the realty transfer tax." N.J.S.A. 54:51A-16.

3

Importantly, the refund claim provision under the UPL, N.J.S.A. 54:49-14(a), which provides a four-year statute of limitations for refund claims, does not apply if "a shorter limit is fixed by the law imposing the tax." The law imposing the one percent realty transfer fee, N.J.S.A. 46:15-7.2, fixes a shorter limit and requires all refund claims to be made "within 90 days after the payment of any original fee." N.J.S.A. 46:15-7.2(c). Thus, plaintiff's time to file a refund claim in this matter was ninety days from payment of the fee.

Here, plaintiff paid the one percent fee to the Clerk on July 10, 2018. Plaintiff had until October 8, 2018 to file its claim for a refund. However, plaintiff's refund claim was not filed until April 20, 2020, almost two years after the expiration of the statutory limitation period. Moreover, plaintiff does not dispute that it filed the refund claim out of time. Instead, plaintiff seeks to relax the statutory time limitation on equitable principles.

The statutory time periods for tax matters are jurisdictional. McMahon v. City of Newark, 195 N.J. 526, 530, 544 (2008) (citing F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 424 (1985)). As such, they are not subject to relaxation by the Tax Court. Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 8:4-1 (GANN) (2021). This principle extends to periods for filing a protest or refund claim with the Division of Taxation. Ibid. "Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration

4

of local government." F.M.C. Stores, 100 N.J. at 424. These time constraints are non-relaxable "in order to provide finality and predictability of revenue to state and local government." Bonanno v. Dir., Div. of Taxation, 12 N.J. Tax, 552, 556 (Tax 1992) (citing Pantasote, Inc. v. Dir., Div. of Taxation, 8 N.J. Tax 160, 164-66 (Tax 1988)).

Although courts have held that there are situations in which "statutes of limitations can and should be relaxed, those rulings do not apply to tax matters where such relaxation is unavailable except in the most extraordinary circumstances." M.J. Ocean, Inc. v. Dir., Div. of Taxation, 23 N.J. Tax 646, 652-53 (Tax 2008). Furthermore, "[p]ublic policy discourages suits for the refund of taxes erroneously paid or illegally collected." Continental Trailways, Inc. v. Dir., Div. of Motor Vehicles, 102 N.J. 526, 548 (1986). "It is a 'well-established principle that statutes of limitation applicable to suits against the government are conditions attached to the sovereign's consent to be sued and must be strictly construed.'" H.B. Acquisitions, Inc. v. Dir., Div. of Taxation, 12 N.J. Tax 60, 65 (Tax 1991) (quoting Kreiger v. United States, 539 F.2d 317, 320 (3d Cir. 1976)).

Here, plaintiff offers no support for its claim that equitable relief is appropriate. Plaintiff concedes the tax was paid in error. However, plaintiff should have known the subject property was exempt from the one percent realty transfer fee at the time it remitted the check. In fact, the Affidavit of Consideration filed with the deed

clearly indicates that the property was classified as "Class 4C – Apartments" and that the grantee was not required to pay the one percent fee. Plaintiff's contention that the Clerk or defendant should have noticed the error and returned the check is unavailing. Simply put, plaintiff did not act promptly to discover the error, nor did it act promptly to seek relief by way of a refund claim. Accordingly, equitable relief is not appropriate in this matter.

In light of the foregoing, the court concludes that it lacks subject matter jurisdiction to adjudicate this matter. As such, defendant's motion is granted and plaintiff's complaint is dismissed with prejudice. An Order accompanies this Opinion.

Respectfully,

/s/ Joan Bedrin Murray
Hon. Joan Bedrin Murray