EDWARD HURLEY, Appellant, v. CITY OF NIAGARA FALLS et al., Respondents.

Fourth Department, May 9, 1968.

*Grossman & Levine* (*Stanley Grossman* and *Morree M. Levine* of counsel), for appellant.

*Gellman & Gellman* (*Phillip S. Gellman* of counsel), for Sam Moraca and another, respondents.

*James Milne* for City of Niagara Falls, respondent.

BASTOW, P. J.  This appeal presents the issue of the respective rights to " lost property " as between the finder thereof and the owners of a private residence in the light of article 7-B of the Personal Property Law added thereto by chapter 860 of the Laws of 1958.

The defendants, Moraca, since the early 1950's have owned a residence in the City of Niagara Falls.  In 1962 they contracted with plaintiff to build a recreation room in the basement.  While attempting to remove a pipe plaintiff found $4,990 in currency hidden behind a wooden block on the floor of a cabinet-type sink. There were several bundles of bills each bound by a so-called bank wrapper.  The packages appeared to have been water soaked from time to time.  The bills had consecutive serial numbers.  The Moracas knew nothing about the money and after prior litigation (*Moraca* v. *Hurley*, 22 A D 2d 473) it was turned over to the local Police Department.

At common law the principle was early (1722) established that the finder acquires a right in a found chattel good against the whole world except the true owner (*Armory* v. *Delamirie*, 1

Strange 505, 93 Eng. Rep. 664). Among the many subtleties that developed in this area of the law one was presented by the conflicting claims of the finder and the owner of the premises where the finding occurred. In answering this question the decisions through the years developed two further refinements. First, whether the finding occurred in a place open to the public or in a private place (cf. *Cohen* v. *Manufacturers Safe Deposit Co.*, 297 N. Y. 266, 270). Second, whether the chattels had been lost or mislaid. "A loss is always involuntary; there can be no intent to part with the ownership of lost property. Mislaid property is property which the owner voluntarily and intentionally laid down in a place where he can again resort to it, and then forgets where he put it. Property is not "lost" unless the owner parts with it involuntarily and unintentionally, and does not at any time thereafter know where to find it." (1 Am. Jur. 2d, Abandoned, Lost and Unclaimed Property, § 2; *Foulke* v. *New York Cons. R. R. Co.*, 228 N. Y. 269, 273, 274.)

The general common-law rule is that the finder of mislaid property on premises of another acquires no special property in it and that the right of possession as against all except the true owner is in the owner or occupant of the premises where the property is discovered. This rule is based on the legal fiction that mislaid property is presumed to have been left in the custody of the owner or occupier of the premises upon which it is found (1 Am. Jur. 2d, Abandoned, Lost and Unclaimed Property, § 23; 1 N. Y. Jur., Abandoned and Escheated Property, § 37; *Dolitsky* v. *Dollar Sav. Bank*, 203 Misc. 262, 265).

A further exception, however, to the common-law doctrine of mislaid property (and one here pertinent) is the rule that treasure trove which by modern definition includes paper money and not only buried treasure but money hidden in places above the ground (23 Tulane L. Rev. 409 and cases therein cited), belongs to the finder and not to the owner of the locus (1 Am. Jur. 2d, Abandoned, Lost and Unclaimed Property, § 21).

Article 7-B was added to the Personal Property Law as the result of recommendations, studies and hearings of the Law Revision Commission in successive years (1957 Report of N. Y. Law Rev. Comm., p. 367 *et seq.*; N. Y. Legis. Doc., 1957, No. 65[L]; 1958 Report of N. Y. Law Rev. Comm., p. 19 *et seq.*; N. Y. Legis. Doc., 1958, No. 65[A]). The earlier document (pp. 393–428; 481–483) contains exhaustive studies of the law of lost property made at the direction of the commission. It is made clear that the recommendations were designed to abolish the distinction between lost and mislaid property (N. Y. Legis. Doc., 1957, No. 65[L], note [5], p. 375).

This is made explicit in section 251 of the article where (subd. 3) " lost property " is defined as including lost or mislaid property and further provides that " Abandoned property, waifs and treasure trove, and other property which is found, shall be presumed to be lost property ". This section (subd. 5) further defines a " finder " as the person who first takes possession of lost property. " Property " is defined (subd. 1), with irrelevant exceptions, as " money, goods, chattels and tangible personal property."

The general scheme of the enactment (§ 252) requires the finder of property of $10 or more in value to deposit it with the proper police authorities upon whom are imposed certain obligations (§ 253). Upon expiration of the time required for retention by the police, if the property has not been returned to the owner or has not been the object of any other written claim, it shall be turned over to the finder in whom title then vests (§§ 254, 257).

This right of the finder is subject, however, to certain exceptions (§ 256), here immaterial, except subdivision 2 which provides that an employer shall have the rights of a finder where the property is found by an employee under a duty to deliver it to his employer. Upon the trial a feeble effort was made to establish that plaintiff was an employee of defendants, Moraca. The trial court found that he was an independent contractor and the proof sustains that finding.

We reject the contention of respondents that the absence from the statute of an express provision giving a finder of property on private premises a right paramount to the owner thereof makes applicable the former common-law rule. That rule, as stated, was based on the reasoning that such property was in the constructive possession of the owner and could not be " lost " in the sense of the law of lost property — it was merely " mislaid." (36A C. J. S., Finding Lost Goods, § 1).

The statute (§ 251, subd. 3), as we have seen, abolished the distinction between " lost " and " mislaid " property. There is no indication that the Legislature intended the former " public place–private place " distinction to survive. This view is fortified by other provisions of the enactment (§ 256, subds. 3 and 4) which establish differing procedures where property is found in certain public places (safe-deposit premises, banks and transportation facilities).

We conclude that plaintiff, as the person who first took possession of the money, was the finder thereof. The statutory period for the retention by the police having expired, it should be delivered to him at which time title thereto shall vest in him.

The judgment should be reversed and such relief granted to plaintiff.

GOLDMAN, DEL VECCHIO, WITMER and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts, with costs, and judgment granted for plaintiff.