756 A.2d 643 (1999)
333 N.J. Super. 599
Evelyn T. HO, Guardian of Maria Ho, an Incompetent and Maria Ho, Individually, Plaintiffs,
v.
Len RUBIN, Lillian Rubin, his wife, and John Doe 1, John Doe 2, and John Doe 3 (fictitious names representing unknown individuals), Defendants.
Superior Court of New Jersey, Chancery Division, Bergen County.
Decided May 26, 1999.
*644 Patrick J. Kelly, Hackensack, for plaintiffs.
William F. Rupp, Hackensack, for defendants (Rupp & Ten Hoeve, attorneys).
MARGUERITE SIMON, P.J. Ch.
Defendants Len and Lil Rubin, who found a wicker basket full of cash on their front step, bring a motion for summary judgment arguing that after expiration of the six-month waiting period of N.J.S.A. 40A:14-157, they could properly keep the money. Plaintiff, Maria Ho and her guardian, daughter Evelyn Ho, cross move for summary judgment alleging that the statute was tolled by reason of insanity. Both parties agree that the matter is ripe for summary judgment.
Defendants found a basket containing $28,140 in cash on the doorstep of their Maywood home on March 20, 1991. They did not know who had left the money and immediately notified the Maywood Police Department. An officer who came to pick up the money brought it to police headquarters where, the following day, the Rubins met with Detective Patrick Reynolds and Police Chief Harry Kickuth. It was then brought to the Borough Hall, where it was recounted and deposited with the Borough Treasurer. At that time, a police officer advised the Rubins that they may have a legal claim to the money if no one claimed it within six months.
The Maywood police publicized the discovered money in a broadcast message through the "MARS" system and through a state-wide teletype. On Sept. 25, 1991, after the expiration of the statutory sixmonth period, the Rubins applied to the Borough of Maywood for the return of the deposited funds. On Oct. 2, 1991, $28,957.70 was released to the Rubins. They then made gifts totaling $20,000 to their daughter Deborah and their grandchildren. They also donated $1,500 to the Cerebral Palsy Center, and gave an additional $6,000 to their family.
In June or July of 1992, plaintiff Maria Ho sent notes to the Rubins inquiring about "donation money" and demanding its return. On or about June 17, 1992 Mrs. Ho's daughters, plaintiff Evelyn Ho and Jacqueline Ho learned of their mothers "gift" of money to the Rubins. They then contacted the police, were interviewed, and were directed to the Rubins after they described the type of basket and the kind of funds. It was finally learned that Maria Ho was the individual who had left the money on the Rubins' doorstep. It apparently was a portion of the monies received by the late Mr. Ho and Mrs. Ho from the sale of their business.
Maria Ho, suffering from chronic paranoid schizophrenia, had insane delusions that Mr. Rubin was aiming a satellite at her home, endangering her family and that the basket of money would afford protection. On Dec. 22, 1993, Evelyn Ho filed a complaint to declare Maria Ho mentally incompetent[1] and be appointed guardian. On Jan. 28, 1994 the court declared her incompetent and subsequently issued letters of guardianship to Evelyn Ho. The following year, January 1995, Maria Ho wrote a number of letters containing allegedly defamatory statements and sent them to various individuals in and out of their Maywood neighborhood.
The plaintiffs instituted this action in April 1997 after unsuccessfully requesting the return of the money and after the *645 failure of settlement negotiations.[2] Defendants filed a counterclaim for defamation. Defendants seek summary judgment based upon the expiration of the six-month waiting period provided for the disposition of money or tangible personal property found or recovered in N.J.S.A. 40A:14-157(b). That subsection states that if the money is unclaimed during the six-month period by the person entitled thereto, it shall be returned by the police "to the finder, who shall be deemed the sole owner thereof." Defendants also argue that the plaintiffs' claims are time barred under the six-year statute of limitations, N.J.S.A. 2A:14-1, and the equitable defense of laches. They also seek summary judgment determining that plaintiff's statements amount to defamation per se. In opposing the Rubins' summary judgment motion and supporting their cross motion for summary judgment, plaintiffs contend the money was not lost or mislaid and N.J.S.A. 40A:14-157 is inapplicable. Plaintiffs contend Mrs. Ho's mental incapacity tolled the running of the six-year statute. Similarly, plaintiffs contend Mrs. Ho, as a mentally incompetent person, was incapable of giving rise to a defamation claim and the Rubins are timebarred from asserting the defamation claim.
Determination of this motion requires an interpretation of the statute entitled: Tangible personal property found or recovered; disposition, N.J.S.A. 40A:14-157. This statute, originally enacted in 1971 and amended in 1975 and 1986 has not been addressed in any reported decision. A review of the legislative history has not provided any helpful guidance. Plaintiffs argue that this is an abandoned property statute and it should not be applied here as the basket of money was not lost or abandoned. However, the language of the statute indicates no distinction as to whether the property was mislaid, lost or abandoned:
Whenever any money or tangible personal property other than a motor vehicle has been or shall be found or discovered by any person other than by a member of a municipal police force acting in the line of duty and the finder shall have given or shall give custody of the found money or tangible personal property to the municipal police department or force for the purpose of assisting the police to find the owner thereof, the police department or police force shall retain custody of said money or tangible personal property for a period of six months. If the money or tangible personal property is unclaimed during said six-month period by the person entitled thereto, the money or personal property shall be returned by the municipal police department or police force to the finder, who shall be deemed the sole owner thereof.
[N.J.S.A. 40A:14-157(b).]
This statute refers to the property as "found" or "recovered" property and thus focuses on the status of the individual who discovers the property. Since the basket was found by defendants on their doorstep, it is appropriate to apply N.J.S.A. 40A:14-157.
N.J.S.A. 40A:14-157 imposes a sixmonth period for the a municipal police force to locate the person entitled to the tangible personal property or money. If such person is not found during the six months, then the finder of the property in question is deemed the sole lawful owner. Since it has been determined that the statute applies to these funds, the next issue to address is whether it might be tolled by Mrs. Ho's insanity. The statute does not address the physical or mental state of the unknown owner of the found property. This subsection, part of Title 40, Municipalities and Counties, is not a true statute of limitations. It rather, addresses ownership of the money or property and modifies the common law. *646 The provision tolling certain statutes of limitations for minors or insane persons contained in N.J.S.A. 2A:14-21 does not apply to the abandoned property statute, N.J.S.A. 40A:14-157. That tolling statute specifically applies to causes of action arising under section 2A:14-1 to 2A:14-8 or 2A:14-16 to 2A:14-20 and does not refer to the six-month period prescribed in N.J.S.A. 40A:14-157.
Although not subject to the tolling statute, and not truly a statute of limitations, it is appropriate to consider whether, for other reasons, that six-month period should be subject to tolling. It might be noted that the causes of actions under the statute of limitations which are subject to tolling by insanity under N.J.S.A. 2A:14-21 require some wrongdoing or negligence by the defendant. In case of personal tangible property, for example, N.J.S.A. 2A:14-1 requires the defendant to have wrongfully taken, detained, or converted the property and deprived the owner of a lawful interest in the property. These causes of action look to the conduct of defendant. Unlike N.J.S.A. 40A:14-157, the focus of the statute of limitations, N.J.S.A. 2A:14-1, is on the rightful owner who has lost his interest in a property because of someone else's conduct. It is under these circumstances the rightful owner is allowed six years to assert his/her rights and reclaim the personal property. That six-year period could be subject to tolling by insanity. This court is mindful of the objective foolishness of Maria Ho's actions and the loss to her family sustained by enforcement of the six-month time period. However, this abandoned property statute does not focus on the party leaving the money and applies whether the property is lost or mislaid.
A review of cases from New York, Illinois and Delaware, which have abandoned property statutes similar in concept to N.J.S.A. 40A:14-157 indicates a rationale consistent with the present interpretation. The New York Statute, McKinney's Personal Property Law § 254, abolishes the common law distinction between "lost" and "mislaid" property. Hurley v. City of Niagara Falls, 30 A.D. 2d 89, 289 N.Y.S.2d 889 (1968), aff'd., 25 N.Y.2d 687, 306 N.Y.S.2d 689, 254 N.E.2d 917 (1969). The stated purpose of such statutes is to encourage the finder of the personal property to report their discovery, to facilitate the return of the property to the true owner, and to reward the finder for his honesty if the found property remains unclaimed. See Paset v. Old Orchard Bank and Trust Co., 62 Ill.App.3d 534, 19 Ill.Dec. 389, 378N.E.2d 1264 (1978) (finder of cash in an examination booth in the safetydeposit vault area vested with ownership rights after bank failed to find the true owner within the statutory time period); Campbell v. Cochran, 416 A.2d 211 (Del.Super.Ct.1980) (absent theft, the finder of money would be the legal owner); Hurley, supra, 30 A.D.2d 89, 289 N.Y.S.2d 889(finder of cash deemed legal owner after the time period for true owner to claim property expired); Fisher v. Klingenberger, 152 Misc.2d 317, 576 N.Y.S.2d 476 (Rochester City Ct.1991) (finder of lost property can be deemed legal owner if statutory requirements for found property are met). Since defendant is entitled to summary judgment under N.J.S.A. 40A:14-157, it is unnecessary for this court to address the applicability of the six-year statute of limitations or the doctrine of laches.
Summary judgment is also appropriate dismissing defendants' defamation claim because the one-year statute of limitations under N.J.S.A. 2A:14-3 has expired. Mrs. Ho sent out her letters in January of 1995 and the claim for libel was not filed until April of 1997. The Rubins contend their claim for libel is not timebarred because it is asserted for setoff and recoupment purposes. Setoff is an offsetting claim arising out of a completely independent and unrelated transaction, subject to applicable statute of limitations. Beneficial Finance Co. of Atlantic City v. Swaggerty, 86 N.J. 602, 609, 432 A.2d 512 *647 (1981). A successful recoupment defense acts to reduce the amount a plaintiff can recover on the claim and arises from the same transaction as the plaintiff's claim. If the principal action is timely, a counterclaim asserting recoupment is allowed even if it would be barred by a statute of limitations in an independent action. Nester v. O'Donnell, 301 N.J.Super. 198, 207-208, 693 A.2d 1214 (App.Div.1997). Here, the Rubins claim for defamation is not a recoupment. It does not arise from the same transaction. The counterclaim for libel is subject to the applicable statute of limitations. Defendants argue that the six-months statute of limitations under N.J.S.A. 40A:14-157 has run and the counterclaim is time barred. This court agrees. The counterclaim for libel is also dismissed.
NOTES
[1] N.J.S.A. 3B:1-2 was amended by L.1997, c. 379, § 3, effective January 19, 1998 to change the term of art "incompetent" to "incapacitated." N.J.S.A. 3B:1-2 (West 1999).
[2] It might be noted that this replevin action should properly have been brought in the law division. The chancery division has retained jurisdiction in the interest of efficiency.