KUSKIN, J.T.C.
Plaintiffs challenge an assessment by defendant Director under the Gross Income Tax Act, N.J.S.A. 54A:1-1 to:10-12. The assessment included, as partnership income taxable to plaintiff Richard Miller, discharge of indebtedness income which resulted from a negotiated reduction in the principal balance of a mortgage. The mortgage encumbered an office building owned by a real estate partnership of which Mr. Miller was a member. The parties have filed cross-motions for summary judgment. For the reasons set forth below, I deny the Director’s motion and grant plaintiffs’ motion as to them tax liability but deny their application for recovery of litigation costs.
The factual background relating to the matter is not in dispute. Plaintiffs are husband and wife. Richard Miller is a partner of 1428 Route 23 Co., a New Jersey general partnership (the “Partnership”). The Partnership owns, as its only asset, improved commercial real property commonly known as 1428 Route 23, Wayne, New Jersey (the “Property”), which it acquired in 1976. The Partnership Agreement for the Partnership describes its purpose as “acquiring, maintaining, leasing, selling, further developing or otherwise using” the Property. From the time of acquisition, the Property has been leased to a law firm some of whose partners are partners in the Partnership.
In 1986, the Partnership obtained a refinancing loan (“Mortgage Loan”) from Home Life Insurance Company in the principal *484 amount of $1,400,000, secured by a nonrecourse mortgage encumbering the Property. In 1992, Phoenix Home Life Mutual Insurance Company (“Phoenix”) succeeded by merger to all right, title and interest of Home Life to the Mortgage Loan.
In 1995, the value of the Property was significantly below the then remaining $1,375,000 principal balance of the Mortgage Loan, and the Partnership initiated negotiations with Phoenix for a reduction in the principal balance of the Loan. Phoenix agreed to reduce the principal balance by $575,000 to $800,000 effective August 1, 1995. Documents evidencing the reduction were signed in October 1995.- This was the only occasion on which the Partnership obtained a reduction in the principal balance of mortgage indebtedness encumbering the Property.
For tax year 1995, the Partnership’s federal income tax return included income attributable to the reduction in the principal balance of the Mortgage Loan as “Other Income.” Mr. Miller’s proportionate share of this income was reported as “Other Income” on the federal Schedule K-l which was issued to him. However, neither the Partnership’s 1995 New Jersey tax return nor the 1995 Schedule NJK-1 issued to Mr. Miller included any income related to the reduction of the principal balance of the Mortgage Loan. Plaintiffs’ 1995 New Jersey Gross Income Tax Return, consistent with the Schedule NJK-1, did not include any income relating to the reduction of the principal balance of the Mortgage Loan.
On January 27, 1999, after completion of an audit of plaintiffs’ 1995 Gross Income Tax Return, the New Jersey Division of Taxation issued a Notice of Deficiency to plaintiffs. The deficiency was based upon Mr. Miller’s proportionate share of the $575,000 reduction in the principal balance of the Mortgage Loan. The Division determined that the reduction produced forgiveness of indebtedness income to the Partnership, and that the income was includible in the distributive shares of partnership income received by the partners of the Partnership. Plaintiffs filed a protest and a telephone conference ensued. On October 24,' 2000, the Division issued a Final Determination concluding as follows:
*485 Forgiveness of debt was reported as partnership income on the Federal Return and therefore must be reported as partnership income for New Jersey tax purposes. When income is reported on the Federal Return as partnership income it cannot be reclassified on the New Jersey 1040 Tax Return.
Plaintiffs paid the taxes and interest claimed by the Director and then filed this appeal in a timely manner.
Plaintiffs contend that forgiveness, or discharge, of indebtedness income is not one of the sixteen categories of income specified in N.J.S.A. 54A:5-1, and, therefore, is not includible in Mr. Miller’s distributive share of partnership income taxable pursuant to N.J.S.A. 54A:5-lk. Plaintiffs seek a refund of the taxes and interest in dispute, and, in addition, seek recovery of litigation costs under N.J.S.A 54:51A-22. The Director, in opposition to plaintiffs’ motion, and in support of his motion, contends that the discharge of indebtedness income realized by the Partnership arose in the course of its business operations. Consequently, the income constituted part of the Partnership’s net profits from business as defined in N.J.S.A. 54A:5-lb, and Mr. Miller’s proportionate share of that income was included in his distributive share of partnership income.
On September 21, 2001,1 decided Scully v. Director, Division of Taxation, 19 N.J.Tax 553 (Tax 2001), aff'd, 21 N.J.Tax — (App.Div.2003). That case also involved a contention by the Director that discharge of indebtedness income realized by a partnership, Port-O-Call Associates, L.P., was included in the distributive share of partnership income received by the partners. I rejected the Director’s contentions for reasons including the following:
1. Discharge of indebtedness income is not a category of income subject to tax under N.J.S.A. 54A:5-1, Weintraub v. Director, Div. of Taxation, 19 N.J.Tax 65, 72-76 (Tax 2000), and is taxable to a partner only if attributable to a partnership’s ordinary business operations. Id. at 559.
2. The discharge of indebtedness income at issue resulted from the contribution to Port-O-Cail Associates, L.P. by its partners of mortgage indebtedness of the partnership held by the partners. *486 Therefore, the contribution was a contribution to capital which did not generate income. Id. at 562-63.
3. Even if the discharge of indebtedness resulted in income to the Partnership, the mortgage loan transaction creating the debt which was discharged did not constitute part of the Partnership’s ordinary business operations under Smith v. Director, Div. of Taxation, 108 N.J. 19, 527 A.2d 843 (1987), and, therefore, income attributable to the mortgage loan transaction was not includible in the partnership’s net profits from business under N.J.S.A. 54A:5-1b. Id. at 563-64.
4. Even if the mortgage loan transaction was part of the ordinary business operations of Porb-O-Call Associates, L.P., the loan transaction did not generate the income in dispute. The income was generated by the discharge of the mortgage indebtedness, and this discharge was not part of the ordinary business operations of the partnership. Id. at 564-65.
To a large extent, the legal analysis contained in the Scully decision is applicable to the matter now before me. Accordingly, I adopt and incorporate that analysis subject to the following modifications and additions necessary to address the facts of this appeal.
The factual situation before me is distinguishable from Scully in the following respects:
a) here, the Partnership unquestionably received discharge of indebtedness income as a result of the reduction in the principal balance of the Mortgage Loan;
b) here, , no doubt or question exists as to the amount of the discharge of indebtedness income received by the Partnership; and
c) the business of the Partnership is the ownership and operation of the Property as a real estate investment. The business of Port-O-Call Associates, L.P. was operating a hotel and restaurant.
The Director argues that, because obtaining mortgage loan financing is part of the business of owning and operating the Property, the discharge of indebtedness income arose in the *487 course of the Partnership’s business operations. As a result, discharge of indebtedness income relating to the Mortgage Loan constitutes net profits from business under the standard established in Smith v. Director, Div. of Taxation, supra, 108 N.J. 19, 527 A.2d 843. I reject this argument because it is based on an erroneous subtle, but significant, modification and extension of the Smith standard. The Supreme Court in Smith did not hold that any income which arises in the course of business operations is taxable under N.J.S.A. 54A:5-1b. The Court held that income “earned in the ordinary course of business,” Smith, supra, 108 N.J. at 28, 527 A.2d 843, constitutes, in the aggregate, “net profits from business.” Ibid. As discussed in Scully, supra, 19 N.J.Tax at 559-60, 563-65, the concept of income “earned in the ordinary course of business” refers to “those activities in which an entity normally and regularly engages in the conduct of its business and in furtherance of its purposes.” Id. at 560. The Partnership’s obtaining of the Mortgage Loan was not such an activity. The Mortgage Loan transaction was in the nature of a capital transaction, not an ordinary business operation of the type described in Smith. Accordingly, income relating to the Mortgage Loan is not includible in the Partnership’s net profits from business under N.J.S.A. 54A:5-1b.
Even if the Mortgage Loan transaction was part of the Partnership’s ordinary business operations, the discharge of indebtedness income is not taxable under the Smith holding because, as in Scully, the income-generating event was not the loan transaction. The income-generating event was the reduction in the principal balance of the Mortgage Loan by $575,000. This event was not part of the ordinary business operations of the Partnership, even if the Mortgage Loan transaction was. For this reason, therefore, the discharge of indebtedness income is not includible in Richard Miller’s distributive share of partnership income under the Gross Income Tax Act, even if his share of that income is subject to federal income tax. As established in Smith, supra, 108 N.J. at 32-33, 527 A.2d 843, and discussed in Scully, supra, 19 N.J.Tax at 561, the New Jersey Gross Income Tax Act is not based on the federal model.
*488 Finally, I note that Mr. Miller is one of nine partners of the Partnership. William S. Robertson, III, another partner, was audited for tax year 1995 and received a Notice of Deficiency from the Director relating to the very same discharge of indebtedness income of the Partnership which is the basis for the Director’s tax deficiency claim in this matter. After Mr. Robertson protested his Notice of Deficiency, he received a Final Determination with respect to tax year 1995 which eliminated from his taxable income under the Gross Income Tax Act his distributive share of the $575,000 reduction in the principal balance of the Mortgage Loan. The entirely inconsistent position taken by the Director with respect to Mr. Robertson creates concerns as to whether plaintiffs ■were accorded equal protection, and, at the very least, subverts the contentions asserted by the Director in this matter.
For the foregoing reasons, plaintiffs’ motion for summary judgment as to their tax liability is granted, and the Director’s motion is denied. Plaintiffs’ motion for recovery of litigation costs under N.J.S.A. 54:51A-22 is denied. Although I have concluded that the Director’s position as to plaintiffs’ tax liability is incorrect, the Director’s position is not “without reasonable basis in fact or law.” N.J.S.A. 54:51A-22e.