PER CURIAM.
These consolidated appeals arise from final decisions of the Tax Court striking down assessments by the Director, Division of Taxation (Director), of New Jersey State Gross Income Tax (GIT) plus penalty and interest through January 15, 1996 against Michael and James Scully each in the equal amounts of $128,493.58, for income derived from their partnership in the tax year 1992. The income, in the amount of $2,117,119, had been determined by the Director to have been received from the discharge of a loan debt of the partnership.
The facts underlying this appeal are not in dispute. Plaintiffs Michael and James Scully, are Pennsylvania residents and the owners of partnership interests in Port-O-Call Associates, L.P., a New Jersey limited partnership (partnership) that owns and oper *109 ates a hotel in Ocean City, New Jersey. On May 30, 1986, in connection with the purchase of the hotel, the partnership acquired a mortgage loan in the principal amount of $7,000,000 from Atlantic Financial Federal (AFF). The mortgage was later assigned to the Resolution Trust Company (RTC) as receiver when AFF became insolvent, and was subsequently sold to Optimum Mortgage Investment (Optimum) for a purchase price of $4,661,051.51, which was $2,117,290.41 less than the $6,778,341.92 principal balance of the mortgage note.
Pursuant to an agreement of February 27, 1992, Optimum’s purchase of the loan was funded by the Scullys, who were then assigned the mortgage on February 28, 1992. In return for its services, Optimum received a $50,000 fee. At the end of 1992, the Scullys, in their individual capacities, contributed the mortgage to the partnership, in the amount of $4,715,073. At that time, the balance of the partnership’s loan indebtedness, in the amount of $2,117,119, was released.
The partnership’s federal income tax return for 1992 reported the Scullys’ assignment as a capital contribution in the sum of $4,715,073 and also reported “debt forgiveness” in the amount of $2,117,119. As required under federal law, the $2,117,119 was added to income for purposes of computing taxable income. The partnership’s 1992 Pennsylvania Information Return reported the same capital contribution and reported $2,117,119 as “net profits from business ... apportioned to Pennsylvania.” The Scullys originally did not file New Jersey GIT returns for the year 1992.
The Director conducted a sales and use tax audit of the partnership as well as an individual audit of each Scully for the years 1992 and 1993. As a result of these audits, on December 5, 1995, the Director issued notices of assessments to the Scullys, concluding that the partnership’s release from its loan obligation was ordinary business income that should have been passed through to the Scullys, who, in turn, should have reported it as taxable income under N.J.S.A. 54A:5-1(b) or N.J.S.A. 54A:5-1(k). The Scullys protested and, after hearings, the Director issued a final determi *110 nation imposing tax on $2,117,119 of “discharge indebtedness” income occurring “within a business entity.”
Thereafter, the Scullys filed complaints with the Tax Court where the two matters were consolidated. On September 21, 2001, the Tax Court struck down the Director’s final determination. Judge Kuskin concluded that the assignment of the mortgage loan to the partnership constituted a contribution to capital that did not produce income to the partnership. He further concluded, in the alternative, that even if considered income received from the discharge of the loan indebtedness, it was nevertheless not part of the partnership’s ordinary business operations and thus not business income of the partnership otherwise includible as “net profits from business” or “distributive share of partnership income” under either N.J.S.A. 54A:5-1(b) or (k). The appeal follows.
We have reviewed the entire record in this matter and conclude there was substantial evidence to sustain Judge Kuskin’s factual and legal conclusions. Accordingly, we affirm substantially for the reasons set forth in Judge Kuskin’s opinion, reported at 19 N.J.Tax 553 (2001).
Affirmed.