PER CURIAM.
The Director of the Division of Taxation (Director) appeals from an order granting summary judgment to plaintiffs, Richard S. Miller and Sharon S. Miller, which required the Director to refund the assessment and interest paid by plaintiffs, plus interest at the rate provided by statute. Plaintiffs cross-appeal from that part of the order denying plaintiffs’ litigation costs pursuant to N.J.S.A. 54:51A-22. We affirm both the direct and cross-appeals.
The essential facts are not in dispute. Richard S. Miller (references to plaintiff are to Richard S. Miller only) is a partner in 1428 Route 23 Co. (the partnership), a New Jersey general partnership. Sharon S. Miller, Richard’s wife, is involved only because she filed a joint tax return with her husband. The partnership’s sole asset is a parcel of improved commercial real property located at 1428 Route 23 in Wayne, which was purchased on May 1, 1976. The partnership agreement states that the purpose of the partnership is ‘“acquiring, maintaining, leasing, selling, further developing or otherwise using the real property known as 1428 Route 23, Wayne, New Jersey.’ ” Since its purchase the property has been leased to the law firm of Williams, Caliri, Miller, Otley & Stern, P.C., in which plaintiff is a named partner.
On November 18, 1986, the partnership obtained a loan from Home Life Insurance Company (Home Life) for the principal amount of $1,400,000. The loan was secured by a mortgage on the property owned by the partnership. On July 1, 1992, Home Life merged with Phoenix Home Life Mutual Insurance Company (Phoenix Home), which succeeded to all interests in the partnership’s mortgage and loan. By 1995, the value of the property securing the loan substantially decreased below the remaining principal balance of the loan. The partnership contacted Phoenix Home to reduce the principal balance of the loan due to the decrease in the property’s value. Phoenix Home agreed to a voluntary reduction. On October 19, 1995, the partnership and Phoenix Home executed an amendment to the loan agreement reducing the principal balance from $1,375,000 to $800,000, effec *180 tive retroactively from August 1,1995. This was the only instance where the partnership attempted to obtain a reduction of the principal balance with Phoenix Home or any other lending institution.
The partnership did not include the discharge of debt income generated by the reduction of the mortgage’s principal balance on its 1995 New Jersey Partnership Tax Return. Plaintiffs reported a portion of the discharge of debt income on their 1995 Federal Tax Return, as required by the Internal Revenue Service Code, but did not report this income on their 1995 New Jersey Tax Return. The Director notified plaintiffs that they were liable for an income tax deficiency of $6669 through a Notice of Deficiency dated January 27, 1999. Plaintiffs filed a protest petition and request for conference, dated April 14, 1999, challenging the Director’s assessment. The Director issued a final determination holding plaintiffs liable for $7744, the deficiency plus penalty and interest. On December 29, 2000, plaintiffs paid the $7744 under protest and then filed this action in the Tax Court.
In rejecting the Director’s contention that the discharge of indebtedness income was taxable, Tax Court Judge KusMn had this to say:
The Director argues that, because obtaining mortgage loan financing is part of the business of owning and operating the Property, the discharge of indebtedness income arose in the course of the Partnership’s business operations. As a result, discharge of indebtedness income relating to the Mortgage Loan constitutes net profits from business under the standard established in Smith v. Director, Div. of Taxation, supra, 108 N.J. 19 [527 A.2d 843]. I reject this argument because it is based on an erroneous subtle, but significant, modification and extension of the Smith standard. The Supreme Court in Smith did not hold that any income which arises in the course of business operations is taxable under N.J.S.A. 54A:5-1b. The Court held that income “earned in the ordinary course of business” Smith, supra, 108 N.J. at 28 [527 A.2d 843], constitutes, in the aggregate, “net profits from business.” As discussed in [Scully v. Dir., Div. of Taxation, 19 N.J.Tax 553, 559-60, 564 (2001), aff'd 21 N.J. Tax 108 (App.Div.2003) ] the concept of income “earned in the ordinary course of business” refers to “those activities in which an entity normally and regularly engages in the conduct of its business and in furtherance of its purposes.” [Id. at 560], The Partnership’s obtaining of the Mortgage Loan was not such an activity. The Mortgage Loan transaction was in the nature of a capital transaction, not an ordinary business operation of the type described in Smith. Accordingly, income relating to the Mortgage Loan is not includible in the Partnership’s net profits from business under N.J.S.A. 54A:5-lb.
*181 Even if the Mortgage Loan transaction was part of the Partnership’s ordinary business operations, the discharge of indebtedness income is not taxable under the Smith holding because, as in Scully, the income-generating event was not the loan transaction. The income-generating event was the reduction in the principal balance of the Mortgage Loan by $575,000. This event was not part of the ordinary business operations of the Partnership, even if the Mortgage Loan transaction was. For this reason, therefore, the discharge of indebtedness income is not includible in Richard Miller’s distributive share of partnership income under the Gross Income Tax Act, even if his share of that income is subject to federal income tax. As established in Smith, supra, 108 N.J. at 32-33 [527 A.2d 843], and discussed in Scully, the New Jersey Gross Income Tax Act is not based on the federal model.
On appeal, the Director asserts that the discharge of debt income is included in plaintiffs’ taxable income through N.J.S.A. 54A:5-1k as distributive share of partnership income for two primary reasons. First, the Director argues that the discharge of debt income was generated through the ordinary course of business of the partnership and therefore, is covered by N.J.S.A. 54A:5-1k. Second, the Director contends that the discharge of debt income should be included as plaintiffs’ distributive share of partnership income because the debt service on the indebtedness is used to reduce the amount of partnership income because it is an expense incurred in the ordinary course of business. We reject both arguments and affirm substantially for the reasons expressed by Judge Kuskin in Scully v. Dir., Div. of Taxation, supra, and in his written opinion of November 27, 2001 in this case.
Because we have agreed that it was improper of the Director to include the discharge of debt income in plaintiffs’ taxable income, we need not address plaintiffs’ equal protection challenge based on the Director excluding this same discharge of debt income from the taxable income of one of the other partners in the same partnership as plaintiff.
On the cross-appeal, plaintiffs contend that the Tax Court Judge erroneously denied plaintiffs’ request for attorney’s fees and litigation costs. N.J.S.A. 54:51A-22 allows a prevailing taxpayer to be reimbursed for reasonable litigation costs in connection with a suit challenging a tax assessment. The taxpayer is only entitled to such reimbursement if it can be shown that “the *182 position of the state was without reasonable basis in fact or law.” N.J.S.A. 54:51A-22e.
Judge Kuskin ruled that while the Director’s position that discharge of debt income is taxable as distributive share of partnership income was incorrect it was not without a reasonable basis in fact or law. The fact that Judge Kuskin disagreed with the agency’s interpretation of a statutory provision that the agency is authorized to enforce does not make the Director’s position unreasonable. We discern no basis to interfere with Judge Kus-kin’s decision, denying reimbursement for reasonable litigation costs.
Affirmed on both the direct and cross-appeals.