PIZZUTO, J.T.C.
The question presented in this matter is whether plaintiff taxpayers may “piggy-back” a gross income tax refund claim upon their contest to a gross income tax assessment made by defendant Director, Division of Taxation (“Director”). The refund claim concerns a transaction that occurred during the tax period covered *25 by the assessment, but the claim was not asserted before the Director’s final determination of the assessment.
Plaintiff taxpayers, husband and wife, filed a joint New Jersey Gross Income Tax return for 1994 on April 15, 1995. They reported income of $2,105,292 as gain from the husband’s disposition of an interest in a limited partnership, known as Liberty Street/Ontario Associates, L.P., and they paid approximately $140,000 in tax attributable to this gain. Their refund claim seeks to recover this payment on the basis of the Supreme Court’s decision of January 14,1999, in Koch v. Director, Div. of Taxation, 157 N.J. 1, 722 A.2d 918 (1999). Taxpayers maintain that, under Koch, the reported income was “phantom” gain not subject to the gross income tax. They assert this claim for the first time in a separate count of the complaint in this action, which was filed in the Tax Court on April 10, 2000.
The complaint also contests the Director’s final assessment on January 10, 2000, of additional liability under the Gross Income Tax Act (N.J.S.A. 54A:1-1 et seq.) for the same year in which the transaction generating the refund claim occurred. Specifically the Director determined that, before disposing of the limited partnership interest, Smith realized partnership income in 1994 of $641,264, arising from the cancellation of a mortgage on property in which the partnership held an interest. Plaintiffs contest this assessment on the ground that the income found taxable derives from discharge of indebtedness, which is a category of income not included within the enumerated categories of taxable gross income in N.J.S.A 54A-5-1. See Miller v. Director, Div. of Taxation, 20 N.J.Tax 482 (Tax 2001), aff'd, 21 N.J.Tax 177 (App.Div.2003); Scully v. Director; Div. of Taxation, 19 N.J.Tax 553 (Tax 2001), aff'd, 21 N.J.Tax 108 (App.Div.2003); Weintraub v. Director, Div. of Taxation, 19 N.J.Tax 65 (Tax 2000).
It is not disputed that the challenge to the additional assessment is timely and that the taxpayers may litigate that claim. The Director contends, however, that the count of the complaint seeking refund of an amount paid at the time of the filing of the taxpayers’ 1994 gross income tax return in April of 1995 is an *26 untimely refund claim, and the Director has moved for dismissal of that count. It is solely this motion that is the subject of this decision.
The Director’s argument is based upon N.J.S.A. 54A:9-8(a) which provides in pertinent part:
Claim for credit or refund of an overpayment of income tax shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed, within 2 years from the time the tax was paid.
In addition, the Director points to N.J.S.A. 54A:9-9 (b), which deals with a taxpayer’s petition for administrative redetermination following a notice of deficiency. That statute permits, on stated conditions, the inclusion in the redetermination petition of a claim for refund for the same taxable year(s) covered by the deficiency notice. Since taxpayers’ refund claim in this matter was not presented under either of the two statutes cited, but was asserted for the first time in taxpayers’ Tax Court complaint, the Director maintains that the refund claim is not cognizable. The Director further argues that, under N.J.S.A 2B:13-2(a)l, the jurisdiction of the Tax Court in matters concerning the Director extends only to review of the Director’s actions and that, since the refund claim was not presented to the Director, there is no action for the court to review.
Taxpayers maintain that their refund claim is timely under N.J.S.A 54A.:9-8(e), which provides:
(e) Effect of petition to director. If a notice of deficiency for a taxable year has been mailed to the taxpayer under section 54A:9-2 and if the taxpayer files a timely petition -with the director under section 54A:9-9, he may determine that the taxpayer has made an overpayment for such year (whether or not he also determines a deficiency for such year). No separate claim for credit or refund for such year shall be filed, and no credit or refund shall be allowed or made, except—
(1) As to overpayments determined by a decision of the director which has become final; and
(2) As to any amount collected in excess of an amount computed in accordance with the decision of the director which has become final;
(3) As to any amount claimed as a result of a change or correction described in subsection (c).
Taxpayers argue that the statute does not merely provide for the recognition of overpayments during the administrative proceedings for redetermination of a deficiency. They contend that under *27 the statute mailing of a notice of deficiency “suspends” the running of the ordinary limitations period for refund claims for the tax period in question until the Director’s determination of the deficiency matter has become final. They observe that a notice of deficiency in this matter was mailed on January 27, 1998, within the three-year period allowed under N.J.S.A. 54A:9-8(a) for them to file a refund claim for the subject tax year. They then point to N.J.S.A. 54A:9-10(e), which specifies that the Director’s decision becomes final upon expiration of the period for filing a complaint with the Tax Court or, if a complaint is filed, upon completion of judicial proceedings. They conclude that the Director’s deficiency determination for 1994 was not yet final at the time of the filing of the complaint in this action, that the limitations period continued to be suspended, and that they may therefore assert a refund claim involving a transaction occurring in the same year for the first time in their Tax Court complaint.
The conditions upon which a refund of a tax overpayment may be claimed by a taxpayer are established entirely by statute; absent a statutory provision, no refund is permitted. Continental Trailways, Inc. v. Director, Div. of Motor Vehicles, 102 N.J. 526, 509 A.2d 769 (1986), cert. dismissed 481 U.S. 1001, 107 S.Ct. 1636, 95 L.Ed.2d 195 (1987). The matter to be determined on this motion, therefore, is the construction of the provisions of the Gross Income Tax Act, specifically those dealing with the assertion of overpayment claims during the administrative review or redetermination of a deficiency. Both parties agree that under N.J.S.A. 54A:9-8(e) and 9~9(b) a timely protest by a taxpayer to a notice of deficiency permits the assertion of overpayment claims that might otherwise be time-barred under N.J.S.A 54A:9-8(a), the general refund limitation statute. They disagree, however, concerning the period within which an overpayment claim may be presented.
The Director considers that the presentation of an overpayment claim is part of the administrative review process and that, upon completion of that process and issuance of the final administrative determination, the transactions in issue in any action for judicial review are conclusively identified. No further transactions, the *28 Director argues, may be introduced into the controversy in the Tax Court. The Director originally appeared to argue that the particular overpayments a taxpayer claims to have made must be identified at the time of the protest of a deficiency and petition for redetermination. During the course of argument on this motion, however, the Director has conceded that particular claims of overpayment may be presented by taxpayer at any time before final administrative determination.
The taxpayers construe the statutory provisions for protest of a deficiency to suspend the running of the period for filing a refund claim until the final determination, after any proceedings for judicial review, of the deficiency assessment made by the Director.
The Director’s argument concerning the meaning of the statutory terms is persuasive. The statute is reasonably understood to provide a comprehensive procedure following a deficiency assessment, for all questions concerning the gross income tax liability of a taxpayer for a given period to be determined at the administrative level, subject to judicial review of the determination actually made. This reading gives meaning to the statute’s various provisions and avoids an anomaly inherent in the taxpayers’ position. Their interpretation would permit a new refund claim for a given year to be made (presumably subject to separate administrative determination and judicial review) after judicial review of an assessment for the same year is completed, when (according to their interpretation) the suspended limitations period will begin to run again. The interpretation that provides for comprehensive rather than piecemeal proceedings should prevail.
Since taxpayers’ Koch claim was not presented before final administrative determination of their 1994 gross income tax obligation, that claim is not part of this action. It is not, strictly speaking, a question of the court’s jurisdiction to reach the merits of the claim. The question, rather, is the Director’s obligation to address the merits. On this question it is clear that the Director (if only in response to the Tax Court complaint) considers that the claim is untimely, and the court has determined that the Director has done so correctly. Moreover, it should be noted that taxpay *29 ers have not argued that there are exceptional circumstances that have prevented them, in the exercise of due diligence, from recognizing the Koch claim in time to assert it in the administrative proceedings. Therefore, there is no occasion in this case to consider the availability of equitable relief excusing the late presentation of the claim. Cf. Toys “R” Us, Inc. v. Director, Div. of Taxation, 800 N.J.Super. 163, 692 A.2d 111 (App.Div.1997).
The late assertion of the claim prevents its consideration in this action either its own right for its full amount or for the more limited purpose of contesting the Director’s assessment of additional liability in a smaller amount. With the exception of the defense of equitable recoupment, the assertion of any claim to defeat or reduce a claim of an adverse party in litigation requires that the claim be asserted within the period of the applicable statute of limitations. Beneficial Finance Co. of Atlantic City v. Swaggerty, 86 N.J. 602, 432 A.2d 512 (1981); Ho v. Rubin, 333 N.J.Super. 599, 602, 756 A.2d 643 (Ch.Div.1999). Once the claim at issue is found to be untimely under the Gross Income Tax Act, it cannot have force, except perhaps as a claim of equitable recoupment. The Tax Court has recognized, however, that equitable recoupment is available only when the claim asserted arises out of the same transaction as the claim of the adverse party. Superior Air Products Int'l, Inc. v. Director, Div. of Taxation, 9 N.J.Tax 463, 470-71 (Tax 1988). In this case, taxpayers acknowledge that the disposition of the partnership interest involved in their refund claim is distinct from the transaction producing the income on which the Director has made his assessment.
In addition, the taxpayers’ reliance on Telepages, Inc. v. Baldwin, 9 N.J.Tax 30 (Tax 1987) is misplaced. In that matter the Director was permitted to argue alternative theories of the taxpayer’s liability for sales tax, and here taxpayers argue that they may similarly assert an alternate theory of defense. In Telepages, however, the court expressly found that “the alternative theories here arise from the same set of facts that gave rise to the additional assessment.” 9 N.J.Tax at 39. The recent decision in Chemical New Jersey Holdings, Inc. v. Director, Div. of *30 Taxation, 22 N.J.Tax 606 (App.Div.2004), similarly allows a corporation which the Director determined had incorrectly claimed the status of an investment company to introduce in the Tax Court the argument that it was actually a financial business corporation. The new argument was regarded as an alternative legal theory addressing the same transactions at issue in the Director’s assessment. As noted, in this matter the Koch refund claim arises independently from the transaction involved in the assessment, and does not therefore constitute an alternative legal theory.
Finally, taxpayers may not invoke Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 478 A.2d 742 (1984) to preclude the Director’s motion to dismiss in the absence of a rule specifying the date by which a claim of gross income tax overpayment for a given year may be asserted when an additional assessment for the same year has been made. The time for the assertion of a claim of this kind is determinable form the Gross Income Tax Act directly without the need for the exercise of agency expertise and participation by affected taxpayers that is the essence of administrative rule-making. In the words of the Metromedia court, this is a determination “expressly provided by or clearly and obviously inferable form the enabling statutory authorization”. Id. at 331, 478 A.2d 742.
The Director’s motion to dismiss that portion of the complaint as seeks to recover on Koch grounds the tax paid upon the income resulting from disposition of the partnership interest is therefore granted.